GEORGE W. GALE LUMBER COMPANY *vs.* RALPH C. BUSH & others.

Suffolk.    March 5, 1917. — May 26, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Joint Tortfeasors. Execution. Equity Pleading and Practice,* Findings of judge, Appeal.

A transaction, otherwise valid, will not be set aside because the parties to it acted from the motive of forcing both of two wrongdoers to contribute toward the satisfaction of an execution obtained against them jointly for a wrong in which both of them participated.

Where an execution was obtained against a lumber company and a street railway corporation as joint wrongdoers, the street railway corporation asked an attorney, who sometimes tried cases for it, to arrange to buy the execution before it was satisfied. The attorney bought the execution and had it assigned to an employee of the street railway corporation. Thereupon the lumber company brought a suit in equity to enjoin the holder of the execution from enforcing it against the lumber company on the ground that in equity the execution had been paid by one of two joint wrongdoers and that this was an attempt to enforce contribution between the wrongdoers. A judge before whom the case was tried without a jury found, on evidence warranting such findings, that there was no agreement that the street railway corporation or any one for it guaranteed the purchase of the execution, that the attorney who bought the execution was acting for himself and paid for it with his own money and that he was not acting as the agent or attorney of the street railway corporation, and that the holder of the execution was not acting as a servant or agent of the street railway corporation and did not hold the execution on any trust for that corporation. The judge also found that the prevailing motive of most of the

persons connected with the purchase and assignment was to aid in avoiding a disposition of the execution by which the lumber company should escape all liability upon it, and that the execution would be enforced against the street railway corporation for any portion not obtained from the lumber company. He made a decree dismissing the bill. *Held*, that the finding of the judge would not be disturbed, and that the motive to use legal means to make joint tortfeasors contribute to the payment of the damage caused by a wrong in which they both had participated did not invalidate the transaction; and accordingly the decree dismissing the bill was affirmed.

In the present suit in equity, where the evidence, reported in full, amply supported the conclusions of the trial judge, it was *remarked* that the familiar rule, that on an appeal in equity where all the evidence is reported this court will review the evidence and decide the case for themselves, does not apply where the findings depend on oral testimony, in which case the findings of the trial judge as to facts will not be reversed unless plainly wrong.

· BILL IN EQUITY, filed in the Superior Court on April 13, 1916, by the George W. Gale Lumber Company, a corporation, against Ralph C. Bush, the Boston Elevated Railway Company, Charles J. Martell, counsel for Fleming, and Patrick J. Fleming, to enjoin the levying of a certain execution upon the property of the plaintiff, as more fully described in the opinion.

The case was heard by *Wait*, J., who made a memorandum of decision containing the findings that are described in the opinion. By his order a final decree was entered that the bill be dismissed; and the plaintiff appealed. The whole of the evidence, which was taken by a commissioner appointed under Equity Rule 35 at the request of the parties, was reported to this court.

*W. G. Todd*, for the plaintiff.

*A. E. Pinanski & G. E. Morris*, for the defendant Bush, submitted a brief.

RUGG, C. J.   One Fleming brought an action of tort against the plaintiff and the Boston Elevated Railway Company to recover damages alleged to have been caused him by a wrong committed jointly by these two defendants and arising from a collision between a motor truck of the plaintiff and a street railway car of the Boston Elevated Railway Company. Fleming recovered a joint judgment against the two defendants and took out execution against them both. His attorney was asked · by the attorney for the Boston Elevated Railway Company to try to collect one half of the execution from the plaintiff, agreeing for the Boston Elevated Railway Company to pay the other half, but the attorney for Fleming declined. Then the at-

torney for the Boston Elevated Railway Company, after ascertaining that the execution would be assigned to a third person paying it, requested one Morris, an attorney who sometimes tried cases for the Boston Elevated Railway Company, to arrange to purchase the execution. Morris did so, taking an assignment in the name of the defendant Bush, an employee of the Boston Elevated Railway Company. This suit in equity is brought against Bush, the Boston Elevated Railway Company, Fleming and his attorney, to restrain the collection of any part of the execution from the plaintiff on the ground that the assignment was a pretence and that the money for its formal assignment in truth was paid by the Boston Elevated Railway Company, the joint tortfeasor with the present plaintiff, and thus that the execution had been satisfied.

The governing principle of law is plain. There can be no contribution enforced in the courts between joint wrongdoers in the ordinary case. Each is left by the law where his wrongful act leaves him. By the judgment in the Fleming action, the plaintiff and the Boston Elevated Railway Company were adjudged to be joint wrongdoers. If in fact the money of the Boston Elevated Railway Company paid the execution, it cannot collect any part of it from the plaintiff. It cannot do this directly. It cannot do it indirectly through the feigned transaction of an assignment in form to a third person. If, on the other hand, Morris actually bought the execution with his own money, acting for himself and in his own interest and not as agent or attorney for the Boston Elevated, the execution did not become extinguished and he may enforce it against whom he may. Whether the money for the assignment was paid by Morris in his own interest or by the Boston Elevated Railway Company as one of the defendants, was a pure question of fact. The case was tried before a judge of the Superior Court, who found that the transaction was genuine and honest, that Morris bought the execution from the attorney for Fleming and paid for it with his own money, taking the assignment in the name of Bush. Further findings are that "There was no agreement that the elevated company or any one for it guaranteed the purchase. Mr. Morris was acting for himself with his own money and not as attorney for or agent for the elevated company. Mr. Bush was not acting as a servant, agent or attor-

ney of the elevated company in the matter and does not hold the execution on any trust for the elevated Company." This finding of fact is amply warranted by the evidence. It is supported categorically by the testimony of each of the parties to the transaction.

The familiar rule is that, on an appeal in equity with a report of all the evidence from a finding and decree, this court will review the evidence and decide the case for itself. But where oral testimony has been heard, the finding of the trial judge as to facts will not be reversed unless it is plainly wrong. A careful reading of this record discloses no reason for disturbing the finding.

The decisive facts and the propriety of the decree dismissing the bill are not affected by the further finding of the judge to the effect that the prevailing motive of most of the persons connected with the purchase and assignment was to aid in avoiding such a disposition of the execution that the plaintiff should escape all liability upon it, and that the execution will be enforced against the Boston Elevated Railway Company for any portion not obtained from the plaintiff. A motive to use legal means to make joint tortfeasors contribute to the payment of damages flowing from a wrong in which they have participated contravenes no policy of the law.

It is not necessary to review the evidence in detail. It is enough to say that it fully supports the conclusions of the trial judge.

*Decree affirmed.*