ROYAL STEAM HEATER COMPANY *vs.* CHARLES C. HILCHEY.

Worcester.     September 29, 1926. — November 24, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Pleading, Civil,* Declaration.  *Negligence,* Motor vehicle.  *Agency.*

In the declaration in an action of tort for damages to an automobile through collision with a motor truck of the defendant, the plaintiff, a corporation, alleged that "an automobile owned by it and operated by its servant or agent" was damaged through the negligence of the defendant's servant or agent.  At the trial there was evidence that the driver of the defendant's truck was in his employ and acting within the scope of his employment.  There was evidence that the driver of the plaintiff's automobile was in its employ, but there was no evidence that he was performing any of his duties at the time of the accident. The plaintiff's driver testified in substance that the motor vehicles approached each other in ruts; that each tried to get out of the ruts; "that he did not stop his car because he thought he could get out of the ruts and the driver of the defendant's truck probably thought the same; that we (meaning both drivers) were really taking a chance." The trial judge ruled, "The words 'agent' and 'servant' in the plaintiff's declaration are only descriptive of the driver and do not imply anything with regard to the scope of authority or the nature of what the driver was doing," and found for the plaintiff.  He also ruled, that the "Plaintiff is bound by its declaration wherein it sets forth that its car was being driven by its agent and servant, and the phraseology as used in the plaintiff's declaration is an admission binding upon the plaintiff."  The Appellate Division found prejudicial error in the ruling first quoted above, that it further appeared that, except for such prejudicial error, judgment should properly have been entered for the defendant, and ordered judgment for the defendant.  On appeal by the plaintiff, it was *held,* that

(1) The first quoted ruling by the trial judge was correct although he also gave the ruling quoted second;

(2) The questions, whether the collision was caused solely by the negligence of the defendant's driver, or whether the negligence of the driver of the plaintiff's automobile contributed, and whether at the time of the collision he, the driver of the plaintiff's automobile, was acting within the scope of his employment, depended upon the credibility of the witnesses and the weight to be given to their testimony;

(3) The finding for the plaintiff was a finding in so far as the questions were in issue that the negligence of the defendant's driver caused the collision;

(4) The order for the Appellate Division was reversed and an entry was made directing that the judgment entered by the trial judge stand, and that his report to the Appellate Division be dismissed.

TORT for damage to an automobile.   Writ in the First District Court of Northern Worcester dated May 19, 1925.

Material allegations in the pleadings, and facts found and reported by the trial judge are described in the opinion. The judge found for the plaintiff in the sum of $308.25, and reported the action to the Appellate Division for the Western District, who, as stated in the opinion, reversed the judgment and ordered judgment for the defendant.   The plaintiff appealed.

*A. E. Livingstone*, for the plaintiff.

*W. M. Quade*, for the defendant.

BRALEY, J.   This is an action of tort for damages to the plaintiff's automobile caused by a collision with the defendant's truck on February 6, 1925, while the vehicles, passing over a public way, were approaching from opposite directions.   The material allegations of the declaration are, in the first count "that while the automobile owned by it and operated by its servant or agent was being properly operated on the State highway in Westminster, between Gardner and Westminster on or about February 6, 1925, said automobile was run into and badly damaged by a truck owned by the defendant and operated by himself or his agent or servant; that said collision was caused by the negligent manner in which the defendant, or his agent or servant, operated said automobile truck"; and in the second count "that while the automobile owned by it and operated by its servant or agent was being properly operated on the State highway in Westminster, between Gardner, and Westminster on or about February 6, 1925, said automobile was run into and badly damaged by a truck owned by the defendant and operated by himself or his agent or servant; that said collision was caused by the fact that the automobile truck owned by the defendant and operated by him or his agent or servant was improperly equipped."

The answer was a general denial, with an averment of the plaintiff's negligence.   There was evidence that the defendant's truck, operated by a man in his employment, was being driven in his business.   "An officer of the plaintiff testified that the driver of its car was in its employ; that

his duties were to solicit orders and to make estimates on work. There was no further evidence as to his duties nor any evidence that he was performing any of them at the time of the accident." The trial judge, without making specific findings, found generally for the plaintiff on conflicting evidence, and, the defendant being aggrieved by certain rulings and refusals to rule, the case was reported to the Appellate Division. The Appellate Division decided, "that, without passing specifically upon the other rulings given or denied, there was prejudicial error in the giving of the fourth request for rulings presented by the plaintiff, and, it further appearing that except for such prejudicial error, judgment should properly have been entered for the defendant," the following entry was ordered, "Judgment for the plaintiff reversed. Judgment for the defendant." The plaintiff appealed.

The record states, that the driver of the plaintiff's car, one Cameron, testified, "that he first saw the defendant's truck when it was about seventy-five feet away; that he tried to turn out for it but could not do so; that the defendant's driver tried to turn out but could not do so, and so they came together; that he knew there was going to be a collision and that he did not stop his car because he thought he could get out of the ruts and the driver of the defendant's truck probably thought the same; that we (meaning both drivers) were really taking a chance."

It was contended by the plaintiff, and the trial judge under its fourth request ruled, that "The words 'agent' and 'servant' in the plaintiff's declaration are only descriptive of the driver and do not imply anything with regard to the scope of authority or the nature of what the driver was doing." It is settled, that, where allegations in a declaration in an action of tort are not essentially descriptive of the cause of action, or so connected with it that no sound separation is possible, they need not be proved. "It need not aver a fact not required by law to be proved." *Downs* v. *Hawley*, 112 Mass. 237, 242, 243, *Litchfield* v. *Hutchinson*, 117 Mass. 195, 198. G. L. c. 231, § 7, cl. 3. See *Washburn* v. *R. F. Owens Co.* 252 Mass. 47. It is plain that, if the words in the first

and second counts, "and operated by its servant or agent," are treated as merely descriptive, a cause of action is sufficiently stated.   The ruling of the trial judge was right, even if he also gave the defendant's second request, that the "plaintiff is bound by its declaration wherein it sets forth that its car was being driven by its agent and servant, and the phraseology as used in the plaintiff's declaration is an admission binding upon the plaintiff."

The questions, whether the collision was caused solely by the negligence of the defendant's driver, or whether the negligence of the driver of the plaintiff's automobile contributed, or whether at the time he was acting within the scope of his employment, depended upon the credibility of the witnesses and the weight to be given to their testimony. The general finding for the plaintiff is a finding in so far as the questions were in issue that the negligence of the defendant's driver caused the collision.   *Boston Supply Co.* v. *Rubin*, 214 Mass. 217, 220.   The decision of the Appellate Division is reversed, and an entry made of judgment to stand and report dismissed.   *Loanes* v. *Gast*, 216 Mass. 197, 199.

*So ordered.*