### JOSEPH GIONET *vs.* CHARLES SHEPARDSON.

Worcester. September 21, 1931. — December 2, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Gross, Motor vehicle, In use of way.

Where, at the trial of an action by a guest in an automobile against the operator for injuries alleged to have been sustained by reason of gross negligence of the defendant, there was evidence that the automobile was known to the defendant to be six years old with front wheels that "shimmied" somewhat and with a weak front tire; that for a considerable distance it had been zigzagging from side to side of the road, which was twenty-four feet wide; and that nevertheless, against the protest of the plaintiff, the defendant drove it at a speed of forty-five and fifty miles per hour, as indicated by its speedometer, so that it left the macadam of the road bed at a curve, struck a tree seven feet beyond the road side, and, when it stopped, was headed in the opposite direction from that in which it had been going, it was error to order a verdict for the defendant.

TORT. Writ dated April 15, 1929.

In the Superior Court, the action was tried before *Hall*, C.J. Material evidence is stated in the opinion. The Chief Justice ordered a verdict for the defendant and reported the action for determination by this court, it being stipulated that, if the ordering of the verdict was error, judgment should be entered for the plaintiff in the sum of $2,500.

*J. E. Casey*, for the plaintiff.

*P. P. Zambarano*, for the defendant.

WAIT, J. This is an action brought by a guest against his host for damages caused by the latter's gross negligence

in driving an automobile in which they were riding. We can add nothing to clarify the recent exposition of the law applicable to such a case in *Cook* v. *Cole*, 273 Mass. 557, *McKenna* v. *Smith*, 275 Mass. 149, *Meeney* v. *Doyle*, 276 Mass. 218, *Smiddy* v. *O'Neil, ante*, 36. We think that if one considers all the acts and omissions on the part of the defendant which could be found upon the evidence to have entered into the happening which resulted in the injury, he could find that shocking indifference to safe driving which constitutes "gross negligence" as distinguished from the failure to exercise the care of a reasonably prudent man in driving which can justly be deemed "negligence." Here could be found an automobile known to the driver to be six years old with front wheels that "shimmied" somewhat and with a weak front tire, which for a considerable distance had been zigzagging from side to side of the road, twenty-four feet wide, nevertheless driven against the protest of the guest at a speed of forty-five and fifty miles per hour, as indicated by its speedometer, so that it left the macadam of the road bed at a curve, struck a tree seven feet beyond the road side, and, when it stopped, was headed in the opposite direction from that in which it had been going. Although other testimony presented an utterly different picture, it was for the jury to determine whether the former was the true one, and whether, if true, the defendant's conduct was "grossly" negligent. There was error, therefore, in directing a verdict for the defendant. In accord with the terms of the report, if there was sufficient evidence to warrant a finding of gross negligence, "the plaintiff should be awarded the sum of $2,500." Our order must be

*Judgment for the plaintiff in $2,500.*