LORETTA McNAIR *vs.* THOMAS FRAHER.

Bristol.    October 28, 1957. — December 4, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Motor Vehicle,* Operation.    *Negligence,* Gross, Motor vehicle.

A verdict for the defendant was properly directed in an action for personal injuries where the declaration alleged that the plaintiff "was riding in an automobile operated by the defendant; that as the result of the gross negligence of the defendant in the operation of said automobile" the plaintiff was injured, but the evidence showed that at the time of an accident causing the plaintiff's injury the plaintiff, unlicensed and inexperienced, was operating the automobile at the defendant's request.

Evidence in an action that the defendant was tired and drowsy and eventually fell asleep while riding at night in an automobile driven at his request by the plaintiff, an inexperienced and unlicensed operator who had never driven at night before, and that the plaintiff was injured when the automobile hit a tree off the road in rounding a curve, did not warrant a finding that the plaintiff was injured through gross negligence of the defendant.

TORT.    Writ in the Superior Court dated July 11, 1951.

The action was tried before *Warner, J.*

*William A. Torphy & George B. Goodman,* for the plaintiff, submitted a brief.

*William J. Fenton,* for the defendant.

WILKINS, C.J.    The plaintiff's declaration in this action of tort alleges that "she was riding in an automobile operated by the defendant; that as the result of the gross negligence of the defendant in the operation of said automobile" she was injured.    The judge directed a verdict for the defendant, and the plaintiff excepted.

We summarize facts which the jury could have found.    On November 22, 1950, about 10 P.M. the plaintiff, then eighteen years of age, was operating an automobile at the request of the defendant, who felt tired.    He had given her five or six lessons.    He knew that she had no operator's license.    She had never driven at night.    When she started to drive the automobile, it "bucked."    While driving, she observed that the defendant's eyes were closed on two occasions.    When she aroused him, he assured her each time that he was watching her.    Later she again observed that his eyes were closed.    At a fork in the road he misdirected her.    After continuing for a mile on a hard surfaced country road at twenty to twenty-five miles an hour and rounding a curve, the right wheels went over to the shoulder of the road.    She could not turn the wheel, and the automobile struck a tree six or seven feet from the edge of the road.    The defendant was asleep.

The verdict was properly directed.    The ruling can be upheld on the ground that the automobile was not operated by the defendant, as alleged in the declaration.    *Zarski* v. *Creamer*, 317 Mass. 744, 746–747.    That the defendant under G. L. (Ter. Ed.) c. 90, § 10, as amended by St. 1935, c. 219, might, as her sponsor, have become liable for some violation of law by her did not make him the operator.    *Commonwealth* v. *Jordan*, 310 Mass. 85, 86–87.    We also rest our decision upon the ground that there was no evidence of "a heedless and palpable violation of legal duty respecting the rights of others."    *Altman* v. *Aronson*, 231 Mass. 588, 591.    *Driscoll* v. *Pagano*, 313 Mass. 464.    See *Carvalho* v. *Oliveria*, 305 Mass. 304, 305–306; *Flynn* v. *Hurley*, 332 Mass. 182, 185–186.

*Exceptions overruled.*