ROBERT LALUMIERE *vs.* SPARTAGO MIELE.

Suffolk. March 4, 1958. — April 10, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, COUNIHAN WHITTEMORE, & CUTTER, JJ.

*Negligence,* Gross, Motor vehicle.

A finding of gross negligence on the part of the operator of an automobile was not warranted by evidence that he persisted in driving about forty-five miles per hour at night over an icy and slippery road while it was snowing hard despite skidding and requests by a guest therein to slow down and a lot of play in the steering wheel, and that after going around a slight curve the automobile skidded across the road on a straightaway, the operator completely lost control of it, and an accident ensued in which the guest was injured.

TORT. Writ in the Municipal Court of the City of Boston dated March 4, 1955.

Upon removal to the Superior Court the action was tried before *Northrup,* J., a District Court judge sitting under statutory authority.

In this court the case was argued before *Wilkins,* C.J., *Spalding, Williams, Counihan,* & *Whittemore,* JJ., and afterwards was submitted on briefs to all the Justices.

*Robert P. Malone,* for the plaintiff.

*Arthur L. Johns,* for the defendant.

WHITTEMORE, J. The plaintiff took an exception to the direction of a verdict for the defendant in this action of tort for personal injuries. Taking the evidence most favorably for the plaintiff, the jury could have found as follows: The plaintiff was a guest in a 1947 Mercury automobile driven by the defendant. The accident occurred on Route 110 between Lawrence and Lowell shortly after 12:30 A.M. on February 15, 1955. It was snowing very hard. The road was icy and slippery. The speed was about forty-five miles per hour. Sometime before the accident the automobile skidded five or six feet and then straightened out. The plaintiff told the defendant to slow down because of the ice and snow and the bad condition of the steering wheel. Thereafter the plaintiff noticed an extreme amount of play in the steering wheel. The plaintiff again told the defendant to slow down. After going around a slight curve, when the driver had forward visibility of sixty or sixty-five feet, the automobile, on a straightaway, traveling at about forty-five miles an hour, skidded across the highway. The defendant completely lost control of it. The defendant "guessed" the cause was the slippery road. When the skid started the defendant tried to control the automobile but did "not know actually what he did, just tried to straighten the wheel out." The defendant "knew he had a light car." Three days before the accident he told the plaintiff that the steering wheel had a lot of play in it and "when you took a curve, a real sharp turn, . . . sometimes it jammed and he had a hard time to bring it back into a straightaway position." The plaintiff and the defendant worked as musicians in a night club in Lawrence. After work, on February 14,

when the plaintiff expected the defendant to drive him directly home to Winthrop, the defendant said he was going to Lowell to see a singer. The plaintiff objected because of the bad weather. Each time the plaintiff told the defendant to slow down the defendant answered that he had to get to the club in Lowell to see the singer before she left.

Manifestly the defendant was negligent. Nevertheless the case, in the view of the majority, though not of the writer or Mr. Justice Counihan, stands with those in which we have held that driving at an unreasonable speed does not constitute gross negligence. *Marcienowski* v. *Sanders*, 252 Mass. 65. *McKenna* v. *Smith*, 275 Mass. 149. *Richards* v. *Donohue*, 285 Mass. 19. *Adamian* v. *Messerlian*, 292 Mass. 275. *Driscoll* v. *Pagano*, 313 Mass. 464. *Romer* v. *Kaplan*, 315 Mass. 736. *Belina* v. *Pelczarski*, 333 Mass. 730. There is no basis for a conclusion that the accident occurred because the steering wheel locked or jammed. The play in the wheel perhaps made it somewhat more likely that a maneuver to control the skidding automobile would not succeed. The warnings of the plaintiff and the defendant's answers confirm the negligence and show a reason for it. These additional factors, in the majority view, do not show "shocking indifference to safe driving" (*Gionet* v. *Shepardson*, 277 Mass. 308, 309) or "that high degree of culpability and indifference to duty that is the essential characteristic of gross negligence. *Duval* v. *Duval*, 307 Mass. 524, 528, and cases cited." *Driscoll* v. *Pagano*, 313 Mass. 464, 468. Compare *Logan* v. *Reardon*, 274 Mass. 83; *Gionet* v. *Shepardson*, 277 Mass. 308; *Cini* v. *Romeo*, 290 Mass. 532; *Farley* v. *Hampson*, 323 Mass. 550.

*Exceptions overruled.*