*Southern District*

## REBECCA GERSTENZANG, ET AL

### v.

## KENNEDY & CO., INC.

*Present:* Nash, P. J., Welch and Sgarzi, JJ.

Case tried to *Lee, J.,* in the Third District Court of Bristol. No. 1957 of 1956.

*Sgarzi, J.* This is an action of tort in which the plaintiff Rebecca Gerstenzang, seeks to recover for personal injuries which she alleges were sustained by her when as a business invitee of the defendant she fell on the floor of the defendant's store. There is also a count by the plaintiff's husband for consequential damages. The answer is a general denial and an allegation of contributory negligence.

*At the trial there was evidence* that the plaintiff went to the defendant's store on the afternoon of August 30, 1956 to buy eggs. She had been in the store many times before. She slipped and fell to the floor striking her hand on the floor and she felt sticky wet stuff on the floor. She was helped up and taken to the hospital by a young lady and was treated there for a fractured wrist. The manager of the defendant's store called by the plaintiff testified that the floor surface was asphalt tile and that it had been *waxed* the night before at his direction but he was not present when it was done. The floor is washed before it is

waxed, the wax is applied with "regular waxer" and later polished with a machine. There was other evidence tending to show that the floor was not slippery, that it appeared safe and that there was nothing on the floor which could be observed.

At the close of the evidence the defendant made a number of requests for rulings of law, the following of which were denied.

1. The evidence is insufficient as a matter of law to warrant the Court in finding that the defendant was negligent.

2. The evidence would not warrant the court in finding that the defendant was negligent.

3. The evidence is insufficient to warrant the court in finding that the defendant knew or in the exercise of reasonable care should have known that its premises were defective by reason of a substance on the floor of said premises and the finding should be for the defendant.

5. The evidence would warrant the court in finding that it is a matter of surmise and conjecture as to how long the defendant's premises were defective, if they were defective, prior to the plaintiff's fall thereon and the finding should be for the defendant.

The court made no memorandum of findings of fact but made a finding for the plaintiff and assessed damages. The defendant claims to be aggrieved by the denial of its requests for rulings of law.

The defendant in its first three requests in effect asked the court to rule that the evidence required a finding for the defendant. If however, on any reasonable view of the evidence the finding of the judge could

be supported these requests were properly denied. *Home Savings Bank v. Savransky,* 307 Mass. 601; *Barttro v. Watertown Square Theatre,* 309 Mass. 223; *Casey v. Gallagher,* 326 Mass. 746. It therefore becomes necessary to consider whether in the view of the evidence most favorable to the plaintiff, together with all reasonable inferences which could be drawn from it, the finding for the plaintiff can be supported.

 The plaintiff was upon the premises of the defendant as a business invitee and as such the defendant owed to her the duty to use due care in the maintenance of its premises. A breach of this duty by some act of negligence on the part of the defendant's agents or servants causing injury to the plaintiff would give her a right to recover. *Ventromile v. Malden Electric Co.,* 317 Mass. 132; *Parker v. Jordan Marsh Co.,* 310 Mass. 227; *Blease v. Webber,* 232 Mass. 165.

 The fact that the floor was slippery is not in and of itself proof of negligence. *Kay v. Audet,* 306 Mass. 337; *McGuire v. Valley Arena Inc.,* 299 Mass. 351; *Crone v. Jordan Marsh Co.,* 269 Mass. 289.

 However, the judge was warranted in finding that the floor had been waxed by the defendant the night before the accident and to draw the reasonable inference that the "sticky wet stuff" upon which the plaintiff slipped and fell was wax which had been improperly applied. *Ventromile v. Malden Electric Co.,* 317 Mass. 132; *Judson v. Am. Ry. Express,* 242 Mass. 270; *Paull v. Radlo,*

293 Mass. 521; *Trottier v. Neisner Bros.*, 284 Mass. 336. Since there was evidence to support the finding of the judge there was no prejudicial error in the denial of the defendant's first three requests for rulings of law.

The defendant's fifth request sought a ruling that the evidence warranted a finding of surmise and conjecture. Ordinarily such a request can be denied if the judge makes special findings of fact which render the request inapplicable to the facts found. Rule 27 of Rules of District Courts (1952); *Ricciardone v. Carvelli,* 334 Mass. 228.

In this case the judge made no findings of fact but made a general finding for the plaintiff. Since the issue raised in the pleadings was that of negligence it is obvious that a finding for the plaintiff was a finding that the defendant was negligent and that the cause of the injury was not a matter of surmise or conjecture.

A general finding for a plaintiff is a finding in so far as the question is in issue that the negligence of the defendant caused the injury or damage alleged. *Royal Steam Heater Co. v. Hilchey,* 257 Mass. 512.

There was no prejudicial error in the denial of the defendant's fifth request and the report is ordered dismissed.

Eugene C. McCabe of Boston, for the Defendant.