CATHERINE C. IRONS & another *vs.* PILGRIM REAL ESTATE, INC. January 16, 1959. Exceptions overruled. This is an action of tort to recover damages for personal injuries to Catherine C. Irons, hereinafter called the plaintiff, and for consequential damage to her husband. The accident happened in an apartment house in which the plaintiff was a tenant and was caused by the presence of a foreign substance on a stairway in the control of the defendant, which the defendant, as part of the letting, had agreed to keep clean. The accident happened at 1 P.M. on September 13, 1955. Without reciting the evidence concerning the accident it is enough to say that in the opinion of a majority of the court there was sufficient evidence of the negligence of the defendant to warrant the judge in submitting that question to the jury.

*Philander S. Ratzkoff*, for the defendant.

*Herbert D. Lewis*, (*Morris Kirsner* with him,) for the plaintiffs.

JOSEPH MARSHALL *vs.* JOAQUIM AUGUST, JUNIOR. January 28, 1959. Exceptions overruled. This case comes here upon the plaintiff's exception to the allowance of the defendant's motion for a directed verdict. The plaintiff was riding as a gratuitous guest in an automobile operated by the defendant at the intersection of Huttleston Avenue and Adams Street in Fairhaven on May 25, 1956, at 4:45 P.M. The only issue before us is the gross negligence of the defendant. There was evidence that the defendant drove along Huttleston Avenue at a rate of speed of about forty miles an hour. The plaintiff had asked the defendant to drive more slowly at least twice. The defendant told him to mind his own business. Without diminishing his speed the defendant made a right turn from Huttleston Avenue into Adams Street, skidded across Adams Street, and struck a parked automobile, causing injury to the plaintiff. The roadway of both streets was dry and the weather was clear. There was no error. It has been firmly established that a gratuitous guest passenger may recover only upon proof that the operator of the automobile in which he was riding was guilty of gross negligence. *Massaletti* v. *Fitzroy*, 228 Mass. 487. We are of opinion that the evidence here falls far short of showing gross negligence. *Flynn* v. *Hurley*, 332 Mass. 182. *Belina* v. *Pelczarski*, 333 Mass. 730, 733. *McNair* v. *Fraher*, 336 Mass. 458. *Lalumiere* v. *Miele*, 337 Mass. 339. See *Pruzynski* v. *Malinowski, ante*, 58. "There was here no evidence which would warrant a finding of gross negligence, which must be based on conduct . . . amounting to an 'aggravated degree of culpability.' " *Bagley* v. *Burkholder*, 337 Mass. 246, 248. *O'Neill* v. *McDonald*, 301 Mass. 256, and *Carvalho* v. *Oliveria*, 305 Mass. 304, 305–306, upon which the plaintiff relies, are distinguishable on the facts from the case at bar.

The case was submitted on briefs.

*Fred M. Thomas & George M. Thomas*, for the plaintiff.

*Gerald P. Walsh*, for the defendant.