WAYNE HAMILTON *vs.* JOHN J. L. SULLIVAN & another (and a companion case[1]). November 1, 1962. Exceptions sustained. Judgments for the defendant John J. L. Sullivan. Hamilton, a minor, seeks to recover

---

[1] The companion case is by Ethel Rogerson against the same defendants.

for injuries suffered by him as a guest in an automobile operated by the minor defendant (Sullivan) and owned by Sullivan's father for whom verdicts were directed. Hamilton's mother, Mrs. Rogerson, asks consequential damages. There was evidence that the boys were returning home from a basketball game on a clear, dry July night about 10:30 P.M., that Sullivan was tired, and that he was overcome by sleepiness, which caused the accident. He showed signs of drowsiness a few minutes before the accident but thereafter successfully turned into the street where the accident took place at a point within 500 feet of the corner. He was then about a five minutes' drive from his home. The automobile swerved and hit a tree at a time when, on conflicting evidence, it could have been found that Sullivan's "eyes were closed" and his "hands off the wheel." The evidence need not be stated in detail. In the aggregate, it does not show "shocking indifference to safe driving" (see *Lalumiere* v. *Miele,* 337 Mass. 339, 341) or an "aggravated degree of culpability" (see *Bagley* v. *Burkholder,* 337 Mass. 246, 248), or conduct "so long continued, serious, deliberate, and persistent" (see *Shepard* v. *Roussel,* 341 Mass. 730) as to constitute gross negligence. If Sullivan closed his eyes just prior to the accident, such action (in the context of this record) appears to have been involuntary. The case is governed by *Flynn* v. *Hurley,* 332 Mass. 182, 185–186, and *McNair* v. *Fraher,* 336 Mass. 458, 459, rather than by *Moore* v. *Patrone,* 298 Mass. 198, 200, *Carvalho* v. *Oliveria,* 305 Mass. 304, 305–306, *Belletete* v. *Morin,* 322 Mass. 214, 216–217, and *Mullaney* v. *White,* 329 Mass. 464, 465–466. Sullivan's motions for directed verdicts and for verdicts under leave reserved should have been granted.

*Bertram A. Sugarman* (*Edward J. Barshak* with him) for the defendant John J. L. Sullivan.

*Frank D. Branca* for the plaintiffs.