MICHAEL FOX & others[1] *vs.* ERIC EARNSHAW. June 5, 1967. In this action of tort for personal injuries and consequential damages, based on the defendant's alleged gross negligence in the operation of a motor vehicle in which the plaintiffs were passengers, the judge entered verdicts for the defendant under leave reserved. G. L. c. 231, § 120. There was no error. The roadway, in Methuen, was thirty feet wide, straight, clear and dry; there was no traffic; the view was unobstructed. There was testimony that the defendant, while the car was moving "around 45 to 50 miles per hour," looked backward and out the left window and had only his right hand on the wheel. The undisputed maximum distance which the vehicle traveled on the street to reach the point of collision (a pole) was 150–200

---

[1] John Fox, Jr. and John Fox, Sr.

feet. Of the four "more common *indicia* of gross negligence" stated by Qua, J. in *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 172, we need consider only the "evidence of deliberate inattention." The factors of speed and distance as testified, considered together, indicate that either the estimated speed was greatly exaggerated or the duration of the operator's inattention was merely momentary at a place which was not one "of great and immediate danger." See *Dinardi* v. *Herook,* 328 Mass. 572, 574. The judge rightly concluded that the most favorable evidence viewed as a whole does not disclose the "shocking indifference to safe driving" which characterizes gross negligence. *Lalumiere* v. *Miele,* 337 Mass. 339, 341.

*Exceptions overruled.*

*Fredric S. O'Brien* for the plaintiffs.
*Alfred Sigel* for the defendant.