MARY K. O'MARA *vs.* H. P. HOOD & SONS, INC. & others.

Essex.    March 2, 1971. — April 9, 1971.

Present: TAURO, C.J., SPALDING, SPIEGEL, REARDON, & BRAUCHER, JJ.

*Joint Tortfeasors. Contribution. Negligence,* Motor vehicle, Gross negligence.

Under G. L. c. 231B, § 1, the operator of a truck and his employer who were liable in tort for an injury to a guest in an automobile hit by the truck had no right of contribution from the operator of the automobile in the absence of gross negligence on her part imposing liability on her to the guest for the same injury. [237]

A finding of gross negligence on the part of the operator of an automobile toward a guest riding therein was not warranted by evidence merely that the operator became lost and confused during a snowstorm, went uphill the wrong way on a one-way street which was slippery, and, although she saw a truck approaching from her right on an intersecting street, did not stop for fear of losing traction, but accelerated and entered the intersection, where her automobile was hit by the truck. [238–239]

TORT. Writ in the Superior Court dated May 2, 1966.

The action was tried before *DeSaulnier,* J.

*William A. Cotter, Jr.,* for H. P. Hood & Sons, Inc. & another.

*Vincent C. Curcio* for Ann Bodmer.

BRAUCHER, J. The principal action was an action of tort by the plaintiff O'Mara for injury due to the negligent driving of the defendant Zwicker, an employee of the defendant H. P. Hood & Sons, Inc. (Hood). At the time of the accident the plaintiff was a passenger in a car driven by Ann Bodmer, and Hood and Zwicker impleaded Bodmer as a third party defendant, claiming contribution under G. L. c. 231B, § 1, inserted by St. 1962, c. 730, § 1. The case is before us on exceptions taken by Hood and Zwicker to the direction of verdicts against them on their contribution claims.

The jury could have found the following facts. On March 29, 1965, the plaintiff was a passenger in a car driven by Bodmer, her daughter. After a visit in Marblehead they left for Boston. It had been snowing for three-quarters of an hour, the snowstorm was getting much worse, and cars were having great difficulty. Bodmer became lost and confused and turned the wrong way into a one-way street. As she approached an intersection she was going uphill at about fifteen miles an hour. The road was very slippery, and she was barely able to keep the car going. She saw a Hood truck approaching the intersection from her right about forty-five feet away. She did not want to stop and lose traction; accelerating, she continued into the intersection, where the truck hit the middle of the right side of the car.

The third party declaration contained six counts, but exceptions were taken only with respect to two counts, one by Hood and one by Zwicker, each alleging gross negligence on the part of Bodmer and claiming contribution in the event of recovery by the plaintiff. Hood and Zwicker now claim (1) that proof of gross negligence was not necessary to entitle them to contribution, and (2) that even if gross negligence was required, the evidence was sufficient to go to the jury.

1. Hood and Zwicker alleged and undertook to prove gross

negligence on the part of Bodmer. If they proved ordinary negligence but failed to prove gross negligence, and verdicts were directed against them on that ground, it is not clear that it should now be open to them to claim that the word "gross" was surplusage. Compare *Royal Steam Heater Co.* v. *Hilchey*, 257 Mass. 512, 514; *Newton Constr. Co.* v. *West & So. Water Supply Dist. of Acton*, 326 Mass. 171, 175; *Cap's Auto Parts, Inc.* v. *Caproni*, 347 Mass. 211, 217. But we do not pass on the point, since it is clear to us that gross negligence is essential to contribution in the case before us.

This is the first case which has reached us under the contribution statute, although we have referred to it in other cases. *Selby* v. *Kuhns*, 345 Mass. 600, 604–607. *Crocker* v. *New England Power Co.* 348 Mass. 159, 162. See also *Hayden* v. *Ford Motor Co.* 278 F. Supp. 267, 271 (D. Mass.). Before the statute we followed the rule that there could be no contribution among tortfeasors, although we held that a motive to avoid the rule contravened no policy of the law. *George W. Gale Lumber Co.* v. *Bush*, 227 Mass. 203, 205–206. *Crocker* v. *New England Power Co., supra.* The statute, with some changes, is the revised Uniform Contribution Among Tortfeasors Act (Uniform Act) promulgated in 1955. See Hewes, The Evolution of Contribution Among Joint Tortfeasors in Maine, 44 B. U. L. Rev. 79; McCarthy & Burns, The Impleader Statute — An Analysis, 51 Mass. L. Q. 51, 59–62.

Section 1 (a) of G. L. c. 231B grants a right of contribution "where two or more persons become jointly liable in tort for the same injury to person or property." The language of the 1955 Uniform Act is identical except that it refers to persons "jointly or severally" liable. Section 1 of the Uniform Act as originally promulgated in 1939 contained substantially similar language. The Commissioners' Note to § 1 (a) of the 1955 Uniform Act refers to the 1939 Act and states: "The language used has been adequate to exclude cases where the person from whom contribution is sought was not liable to the injured person. Thus where the potential contributor is the spouse of the injured per-

son. . . . Or the parent of the injured person. . . . Or where the injured person assumed the risk of the potential contributor's negligence. . . ." 9 U. L. A. 128 (1967 Supp.):

In other jurisdictions recovery of contribution has been denied in circumstances like those before us unless the potential contributor was directly liable to the injured person. *Troutman* v. *Modlin,* 353 F. 2d 382, 386–387 (8th Cir., Ark. law). *Mumford* v. *Robinson,* 231 Atl. 2d 477 (Del.). *Shonka* v. *Campbell,* 260 Iowa, 1178, 1182. *Downing* v. *Dillard,* 55 N. M. 267, 269. *Burmeister* v. *Youngstrom,* 81 S. D. 578, 585–587. *Robinson* v. *Ashner,* 357 S. W. 2d 611, 614 (Tex. Civ. App.), affd. 364 S. W. 2d 223 (Tex. Supr. Ct.). *Hill Hardware Corp.* v. *Hesson,* 198 Va. 425. *Heath* v. *Zellmer,* 35 Wis. 2d 578, 601 (Ind. law). See anno. 26 A. L. R. 3d 1283. These cases arose under a variety of common law or statutory rules as to contribution and as to liability to an automobile guest, but we need not analyze them closely. They tend to reinforce the plain language of our statute and the intention shown in its legislative history. We do not pass on the question of the effect of an intra-family immunity. Compare *Bedell* v. *Reagan,* 159 Maine, 292, 294; *Puller* v. *Puller,* 380 Pa. 219, 221; and *Zarrella* v. *Miller,* 100 R. I. 545, 548; with *Dennis* v. *Walker,* 284 F. Supp. 413, 418 (D. D.C.). See Note, 52 Cornell L. Q. 407; anno. 19 A. L. R. 2d 1003. Nor do we pass on any question with respect to indemnity, as distinguished from contribution. See G. L. c. 231B, § 1 (e); *Pittsley* v. *David,* 298 Mass. 552, 553.

2. Under our common law decisions, Bodmer was not liable to her guest in the absence of gross negligence. *West* v. *Poor,* 196 Mass. 183, 185. *Massaletti* v. *Fitzroy,* 228 Mass. 487, 510. *Marshall* v. *August,* 338 Mass. 790. Bodmer's apparently mistaken and confused act of driving the wrong way on a one-way street seems to us no more culpable than the ignoring of a stop sign in *McGrath* v. *G & P Thread Corp.* 353 Mass. 60, 62. As we said there: "Applying the standards of *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 172, there is doubt that

she was deliberately, as opposed to carelessly, inattentive; that she voluntarily incurred an obvious risk; that she was impatient of reasonable restraint; or that she persisted in a palpably negligent course of conduct over an appreciable period of time. Her act of negligence cannot, it seems to us, be escalated into something which it was not."

*Exceptions overruled.*