Allan FEROLA, Sr., et al., Plaintiffs
vs.
LEGAL SEAFOODS, INC.,
Defendant and Third-Party Plaintiff
vs.
Eileen FEROLA and
EASTERN CASUALTY INSURANCE
COMPANY, Third-Party Defendants

·No. 81-3207

Superior Court/Middlesex, ss.
Commonwealth of Massachusetts

**March 29, 1983**

Dominick Paratore, counsel for plaintiff.
Richard A. Eurick, counsel for defendant.

**RULING, ORDER AND MEMORANDUM OF DECISION ON THIRD-PARTY DEFENDANTS' MOTION TO DISMISS THIRD-PARTY COMPLAINT AGAINST HER**

**INTRODUCTION**

This motion arises out of an action by the plaintiff husband and children of the third-party defendant Eileen Ferola against defendant Legal Seafoods, Inc. The husband claims loss of consortium and the Ferola children claim loss of

maternal care resulting from an alleged injury to defendant. Defendant has impleaded Eileen Ferola in this action claiming that because of her contributory negligence she is a joint tortfeasor and thus liable to defendant for her share of its alleged negligence pursuant to G.L. c. 231B. Eileen Ferola has moved to dismiss the third-party complaint against her claiming that defendant Legal Seafoods "may not reduce the recovery of the plaintiffs by imputing any alleged negligence by her against the plaintiffs and/or name her as a joint tortfeasor."

**Ruling and Memorandum of Decision**

I rule in sum that an injured spouse is not liable directly to his or her spouse and children for loss of consortium and paternal/maternal care under Massachusetts law. Accordingly, without passing on the reduction of recovery issue, I rule that an injured spouse may not be impleaded as a joint-tortfeasor third-party defendant pursuant to G.L. c. 231B.

General Laws c. 231B, secs. 1 (a) and (b) provide in pertinent part that:

(a) (W)here two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contricution among them even though judgment has not been recovered against all or any of them.

(b) The right of contribution shall exist only in favor of a joint - tortfeasor, hereinafter called tortfeasor, who has paid more than his pro rata share of the common liability, and his total recovery shall be limited to the amount paid by him in excess of his pro rata share. No tort feasor shall be compelled to make contribution beyond his own pro rata share of the entire liability.

The application of this contribution statute is limited to persons who are "directly liable to the injured person." **O'Mara** v. **H.P. Hood & Sons, Inc.,** 359 Mass. 235 (1971). In that case, plaintiff brought suit for personal injuries resulting when a car in which she was a passenger collided with a Hood milk truck. Defendants H.P. Hood & Sons, Inc. and the truck driver impleaded the driver of the car in which O'Mara was a passenger alleging that she was liable for plaintiff's injury. The Supreme Judicial Court upheld directed verdicts denying the defendants' contribution claims against the car driver. Defendants had failed to prove gross negligence on the part of the car driver, which was necessary to render the driver liable as a joint - tortfeasor. In reaching its decision, the Court declined to pass on the effect that the contribution statute would have on intra-family immunity from tort liability. **Id.** at 238. The Court held, however, that chapter 231B does not apply unless direct liability runs from the third-party defendant to the injured person.

In other jurisdictions, recovery of contribution has been denied in circumstances like those before us **unless the potetial contributor was directly liable to the injured person.** (citations omitted) . . . These cases . . . tend to reinforce the plain language of our statute and the intenton shown in its legislative history. (emhasis added) **Id.**

In **Feltch** v. **General Rental Co.,** 1981 Mass. Adv. 1189, the Supreme Judicial Court held expressly that defendants in consortium cases may not counterclaim against the negligent spouse. To do so, the Court reasoned, would be to impute wrongly the negligence of one spouse to the other.

The defendants urge us to allow defendants in consortium cases to counterclaim against the negligent spouse, in order to reduce the defendant's liability on the loss of consortium award by the degree of the injured plaintiff's negligence. We decline to impute the negligence of the in-

jured spouse to the other spouse, and therefore, we will not sanction a procedure that does so indirectly.

In essence, the defendants'. suggested procedure of permitting a counterclaim allows the plaintiff with a consortium claim to sue the other spouse for injuries which arise out of the 'privileged or consensual aspects of married life'. (citing **Brown** infra) We conclude that in a suit for loss of consortium, **the injured spouse may not be joined as a defendant.** '(There still remains situations wherein, as a matter of law or fact, claims for personal injuries between married persons will not justify a recovery of damages.' (citing **Brown v. Brown,** 80 Mass. Adv. Sh. 1779, 1781

**Id.** at 1995, 96

This Court interprets the language excerpted above to mean that a husband and wife cannot be directly liable to one another in a loss of consortium action. Moreover, this Court discerns no distinction in this regard - between consortium actions and actions by children of an injured spouse for loss of paternal/maternal care. See **Feaver v. Railway Express Agency, Inc.,** 324 Mass. 165, 168 (1949) - as cited in **Feltch** at 194 - "(contributory negligence of wife is not impited to husband **or children**)". (emphasis added) Where there is no direct liability of the injured spouse to his or her spouse for loss of consortium, or to his or her children for loss of paternal/maternal care, defendant's assertion to a right of contribution must be denied. **O'Mara, supra.**

**Order**

On the basis of the above rulings, third-party defendant Elieen Ferola's motion to dismiss the third-party complaint against her is ordered granted.

**Paul Garrity**
**Associate Justice, Superior Court**