Flatley, J.
This is an action in tort for negligence in which the plaintiff seeks damages for personal injuries she sustained in a fall in the defendant’s home. Judgment was entered for the plaintiff in the amount of $41,887.00.
*192 The defendant has prosecuted this appeal on a charge of error in the trial court’s denial of four of his requests for rulings of law. The sole issue presented for review by the court’s rulings is whether the evidence adduced at trial was sufficient to warrant the court’s finding against the defendant for the negligent maintenance of his home.
The reported evidence may be summarized as follows: Alan Legg (“Defendant”) and his ex-wife, Janet Legg, are the owners of a home at 7 Cleveland Street, Medford, Massachusetts. At the time of the accident in question, the defendant lived in the house with his adult son, Joseph, and his two adult daughters.
The house is a two-story dwelling, with a single interior stairway leading to the second floor hallway. Immediately opposite the top of the stairs on the second floor is the door to the bathroom. Both the second floor hallway and the stairway are covered with a thick wall to wall carpet
At approximately 7:15 AM. on October 1,1987, Mary Aceto (“Plaintiff”) arrived at the defendant’s home to visit his son, Joseph. No other person was home at the time, the defendant having left in the middle of the night to drive his canteen truck. The plaintiff accompanied Joseph to the second floor. As she was proceeding from his bedroom to return downstairs, she slid, allegedly on the wall to wall carpet between the bathroom and the top of the stairwell, and fell down the stairs.
No question has been raised on this appeal as to the nature of the plaintiffs injuries, or the costs incurred for the treatment of the same.
The only evidence introduced at trial on the issue of liability was the testimony of the plaintiff and of the defendant’s son, Joseph, both of whom were called as witnesses by the plaintiff. Joseph stated that he had taken a shower approximately one hour before the plaintiff had arrived, had wrapped a towel around himself and gone into his bedroom, and that the carpet in the hallway was wet as the result of his dripping. He also testified that towels were provided in the bathroom and that the hallway carpet had been wet and slippery on other occasions from dripping persons leaving the bathroom after showers, but that he knew of no other person who had ever slipped when the carpet was wet
The plaintiff testified only that the weather was clear and dry on the morning in question; that she was wearing low-heeled pumps; that she slid at the top of the stairs and fell; that she had noticed nothing about the carpeting that day prior to her fall; that she had detected wetness in the area at the top of the stairs on previous occasions when she had her shoes off, and that she had seen towels, but no bath mat or rug, in the bathroom on previous occasions.
No other evidence was introduced.
The trial court’s findings of fact and rulings of law included the following:
The evidence at trial showed that the carpet at the top of the stairs was wet at the-time of the plaintiff’s fall and that the carpet had become wet and slippery in the past as a result of the defendant’s family taking showers. There was no evidence of a bathmat or other carpet in the bathroom to absorb the water. The evidence is clear that the defendant Alan Legg either knew or should have known that the carpet had been wet and slippery in the past.
Defendant Alan Legg has a duty of reasonable care to keep the stairwell of his premises in a reasonably safe condition. The wet and slippery nature of the carpet had occurred for such a length of time that defendant Alan Legg should have known about it... defendant Alan Legg is bound to exercise reasonable diligence to anticipate and provide against what was likely to happen... [He] could and should have foreseen that the slippery nature of the carpet could cause someone to fall down the stairs, as happened here.... [He] permitted a dangerous and defective condition, the accumulation of water, to exist for an unreasonable period of time after he knew or should have known of its existence.
*193 The paucity of the evidence adduced at trial compels the conclusion that the plaintiff failed, as a matter of law, to satisfy her burden of proving that her injuries were proximately caused by anegligentactoromissionofthe defendant Alholm v. Wareham, 371 Mass. 621, 626 (1976). The trial court’s finding for the plaintiff must be reversed.
1. It is essential to note at the outset that, contrary to the plaintiffs contention, this is not a case in which the doctrine formerly denominated as res ipsa loquitur could be applied to permit inferences of negligence and causation from the mere occurrence of the accident itself. The defendant did not enjoy exclusive use and control of the premises in question which is one prerequisite to the invocation of the doctrine. Roscigno v. Colonial Beacon Oil Co., 294 Mass. 234, 235 (1936). Moreover, res ipsa loquitur is applicable only if the accident is the kind of occurrence which, in ordinary experience, does not happen in the absence of negligence. Osborne v. Hemingway Transp., Inc., 28 Mass. App. Ct. 944, 945 (1990). A person’s fall down a flight of stairs, or any fall, is a familiar phenomenon in human experience attributable to losing one’s balance, tripping or a myriad of other common causes not involving tortious conduct. Such occurrence is dissimilar to the events in the res ipsa loquitur cases cited by the plaintiff which involve the unexplained fall of objects or material debris.
2. It was thus incumbent upon the plaintiff to establish by a preponderance of the evidence that her mishap was the direct result of a defective or dangerous condition on the premises which the defendant created, had knowledge of or should have discovered and remedied in the exercise of reasonable care. Oliven v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 167 (1973). The only evidence offered by the plaintiff was that she slid at the top of the stars, that the caipet was wet and that the same carpeting had been wet and slippery in the past
In the absence of additional evidence, a wet wall to wall carpet in a private home would not constitute a dangerous condition requiring remedial action. There was no evidence that the wet carpet was slippery on the day in question. But even if there had been testimony describing the carpet as slippery, the adjectives “wet” and “slippery” would not of themselves establish an actionable defect for which the defendant could be held liable in tort. See, e.g., Robinson v. Ipswich Post, 343 Mass. 771, 772 (1940); Grace v. Boston Elev. Rwy., 322 Mass. 224, 227 (1948); Gerstenzang v. Kennedy & Co., 17 Mass. App. Dec. 195, 198 (1961). There was no evidence of the age, condition, component materials or description of the carpeting, other than that it was thick, to permit an inference that it would become unreasonably or peculiarly slippery when wet. See Faulkner v. J. H. Corcoran & Co., 342 Mass. 94, 95 (1961). Compare Laskey v. First Nat’l Stores, Inc., 317 Mass. 624 (1945). The degree of the wetness of the carpeting was also notdemonstrated. Nounusual accumulation ofwateror saturation of the area at the top of the stairs was shown. See Correira v. Atlantic Amusement Co., 302 Mass. 81 (1940). Indeed, the evidence equally warranted the contrary conclusion that only a sprinkling or trifling amount of water could be reasonably expected to have dripped onto the rug when Joseph Legg, wrapped in a towel, simply walked from the bathroom to his room. In short, the plaintiffs mere description of carpeting in the defendant’s home as “wet” was insufficient to establish the existence of a dangerous condition or defect for which the defendant could be held liable in tort Lowe v. National Shawmut Bk. of Boston, 363 Mass. 74, 77 (1973); Livingston v. Friend Bros., 302 Mass. 602 (1940).
Of greater significance is the plaintiffs failure to advance sufficient evidence that the defendant caused, permitted or negligently failed to remedy the condition which allegedly caused her accident. The wet rug was apparently attributable to Joseph Legg’s emergence from the shower at 6:00 A.M. on the day in question. As the defendant had departed for work several hours before, he could not be charged either with creating the condition, or with negligently failing to detect and remedy it prior to the plaintiffs mishap. Any breach of due care which might have attended the conduct of Joseph Legg, the defendant’s adult son, could not be imputed to the *194 defendant. See, generally, Feltch v. General Rental Co., 383 Mass. 603, 608 (1981).
Testimony that the carpeting had been wet and slippery on “previous occasions” was wholly inadequate as the sole basis for a finding that the defendant knew or should have known of any danger. Neither the number or frequency of such instances, nor their proximity or remoteness in time to the plaintiffs accident was proven. A few incidents of wet wall to wall carpeting over the years in which the family occupied the house would hardly suggest the need for remedial action to the defendant, even if he had been apprised of the problem. No preponderance of the evidence was established to suggest that this was a daily occurrence of which the defendant should have been aware. Compare Tatosky v. Bowker Storage & Distrib. Co., 1989 Mass. App. Div. 53; Westport v. Hurley’s Boat Rental, 1984 Mass. App. Div. 197. The wet carpeting, when it occurred, resulted not from any defect in the shower itself or even of necessity from the lack of a bathmat or rug for which towels could have been substituted. The problem occurred only on those indeterminate occasions when Joseph Legg or other unidentified persons emerged dripping from the bathroom to proceed to other rooms in the house. The record is devoid of any indication that the defendant was one of those persons, was present in the house on the relevant occasions or was aware that a problem could be deemed to exist because of inadequate toweling off after showers. The presence of any water under these circumstances was surely a transitory condition, Wexler v. Stanetsky Memorial Chapel, 2 Mass. App. Ct. 750, 751 (1975), knowledge ofwhich could not be charged to the defendant in the absence of additional evidence.
3. The defendant was not an insurer of the plaintiffs safety. Ventnor v. Marianne, Inc., 1 Mass. App. Ct. 224, 226 (1973). In the absence of evidence establishing a greater likelihood herein that the plaintiffs injuries were caused by an absence of reasonable care on the part of the defendant, a finding for the plaintiff should not have been entered.
Accordingly, the court’s judgment for the plaintiff is vacated. Judgment is to be entered for the defendant So ordered.