FRANK A. CARVALHO vs. LOUIS OLIVERIA.

MARGARET CARVALHO vs. SAME.

Bristol.    October 23, 1939. — February 27, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Negligence*, Motor vehicle, Gross.

A finding of gross negligence of the operator of an automobile was war-
ranted by evidence that he felt sleepy and that, after he had "dozed
off several times" without mishap, the automobile ran off the road
on a curve and into a pole while he was again asleep.

TWO ACTIONS OF TORT. Writs in the Second District
Court of Bristol dated September 10, 1935.

Upon removal to the Superior Court, the actions were
tried before *Hurley*, J. There were verdicts for the plain-
tiffs in the sums, respectively, of $3,240 and $1,750. The
defendant alleged exceptions.

The cases were submitted on briefs.

*F. E. Smith*, for the defendant.

*H. W. Radovsky & C. Soforenko*, for the plaintiffs.

QUA, J. These are actions for personal injuries sustained
by the plaintiffs, who are husband and wife, while passen-
gers in an automobile driven by the defendant at Swansea
on or about September 2, 1935. The plaintiff in the first
action is the brother-in-law of the defendant. The plain-
tiff in the second action is the sister of the defendant. The
plaintiffs, the defendant, and the father and mother of the
plaintiff Margaret Carvalho and of the defendant were all
riding together in the automobile, which belonged to the
father. The father was killed and the mother was injured.
See *Oliveria* v. *Oliveria*, *ante*, 297. In each case the only
exception is to the denial of the defendant's motion that a
verdict be directed in his favor.

The declarations in the present actions are based upon
gross negligence of the defendant. All parties take the posi-

tion that in order to recover the plaintiffs were bound to show gross negligence on the part of the defendant. We therefore assume without further discussion that the driving by the defendant was a purely voluntary undertaking on his part, and that in order to support the verdicts the record must disclose evidence of his gross negligence. *Massaletti* v. *Fitzroy*, 228 Mass. 487. *Ruel* v. *Langelier*, 299 Mass. 240, 242.

The record does disclose evidence of the defendant's gross negligence. There was evidence tending to show these facts: The parties had left White Plains, New York, "around" nine o'clock in the evening, intending to drive to Fall River. On the way three or four stops were made for food and refreshment. At the point of the accident the four-lane highway "took a wide curve to the left." The automobile ran off the right side of the road and hit a pole located about three feet to the right of the "first" lane in which the automobile had been travelling. There was a wheel mark in the dirt shoulder about ninety-one feet long. The speed was about forty-five miles an hour. There were no other cars on the road. A second or so before the crash, one of the plaintiffs shouted to the defendant that the automobile was going off the road. There was evidence of admissions by the defendant "that he fell asleep, did not see the pole and found out afterwards that he had run into the pole; that after leaving Providence he dozed off several times"; that he felt sleepy; and that "after each time he dozed off he still found his car on the road."

The jury could find that the accident resulted from the fact that the defendant went to sleep. They could further find that he had been asleep and had regained consciousness several times before the accident, and that he knew or should have known that he was not in a condition to continue driving. Without undertaking to lay down a rule that falling asleep is always evidence of gross negligence, at least it may be said that the danger of driving while heavy with drowsiness is so extreme and so self-evident that one who, with knowledge that he is in that condition, persists in driving without making the necessary effort fully

to arouse himself can be found to be grossly negligent. *Blood* v. *Adams*, 269 Mass. 480. *Moore* v. *Patrone*, 298 Mass. 198. Compare *Shriear* v. *Feigelson*, 248 Mass. 432, 435, 436.

There was no evidence of contributory negligence, and no contention is made to the contrary.

In each case the entry will be

*Exceptions overruled.*