Belknap,
No. 5571.

O. PITMAN KELLER, *Adm'r*

*v.*

CARL E. DeLONG, JR.

Argued May 2, 1967.
Decided July 18, 1967.

*Wescott, Millham & Dyer* ( *Mr. Harold E. Wescott* orally ), for the plaintiff.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *Dort S. Bigg* ( *Mr. Bigg* orally ), for the defendant.

DUNCAN, J. The plaintiff's intestate, a registered nurse who was twenty-eight years of age, died in consequence of injuries suffered at Tyngsboro, Massachusetts at approximately 11:40 P. M. on April 14, 1963, when her automobile, operated by the defendant, collided with a utility pole at the side of the highway. She and the defendant had left Laconia late in the afternoon of the same day. Until shortly before the accident, the decedent had done the driving. A stop had been made at Bow, at which time both parties had some beer to drink. Thereafter they had sandwiches at a restaurant in Concord, and then proceeded toward Lowell, Massachusetts with the decedent at the wheel. At some place near the Massachusetts line, the defendant took the wheel at the decedent's request, and the decedent went to sleep. The accident occurred a few miles from where the defendant commenced to drive.

The Trial Court found " that the sole cause of the accident was the fact that the defendant dozed off to sleep and did not awaken in time to avoid collision with the pole. " It further found: " While the defendant had been drinking, the evidence does not convince me that he was unable properly to control the vehicle while awake or that he had difficulty in doing so before dozing off. Neither is it found that after he took the wheel he had any warning that he was going to fall asleep. " The Court granted the defendant's request as follows: " After taking over the wheel, Carl DeLong had no advance warning that he was about to doze, but suddenly

and unexpectedly dozed at the time of the occurrence of the accident. " After reasoning that dozing as a passenger " does not mean that a person cannot keep awake when charged with the responsibility of driving, " the Trial Court was " not convinced . . . that in taking over the wheel . . . under all the circumstances was anything different than the ordinary man of average prudence would have done and I therefore do not find the defendant was negligent in doing so. "

Under principles which receive general recognition an operator of a motor vehicle who permits himself to fall asleep while driving is guilty of ordinary negligence if he has continued to drive without taking reasonable precautions against sleeping after premonitory symptoms of drowsiness or fatigue. Annot. 28 A.L.R. 2d 12, 44 *et seq*; *Bushnell* v. *Bushnell*, 103 Conn. 583; *Bernosky* v. *Greff*, 350 Pa. 59; *Carvalho* v. *Oliveria*, 305 Mass. 304. *Cf. Theisen* v. *Milwaukee Automobile Mut. Ins. Co.*, 18 Wis. 2d 91.

In *State* v. *Beauvais*, 102 N. H. 276, under circumstances where " the possibility that the defendant would fall asleep at the wheel was a foreseeable risk, of which it could be found he knew or should have known " the evidence was held to warrant but not to compel a finding of operation " in a grossly careless or grossly negligent manner. " There, however, no evidence was presented of preliminary dozing or similar premonitory signs, but only of prior lack of sleep, coupled with physical activity and the consumption of liquor. See also, *Savard* v. *Randall*, 103 N. H. 234. In *Carvalho* v. *Oliveria*, 305 Mass. 304, 305-306, the court said: " Without undertaking to lay down a rule that falling asleep is always evidence of gross negligence, at least it may be said that the danger of driving while heavy with drowsiness is so extreme and so self-evident that one who, with knowledge that he is in that condition, persists in driving without making the necessary effort fully to arouse himself can be found to be grossly negligent. " See *Flynn* v. *Hurley*, 332 Mass. 182, 185-186.

We are of the opinion that in the case before us, the Trial Court erred in the application of the law to the evidence. The error is best illustrated by the finding made at the defendant's request: " After taking over the wheel, Carl DeLong had no advance warning that he was about to doze, but suddenly and unexpectedly dozed at the time of occurrence of the accident. " The effect of this finding, and of the like finding made by the Court of its own motion, was to isolate selected portions of the

evidence, in disregard of the evidence upon which the Court found that the defendant had dozed on a " couple of occasions " before he undertook to drive, and was " drowsy just before taking the wheel. "

This evidence disclosed ample warning to the defendant that he might fall asleep. It was not disputed that when he took the wheel, the windows of the automobile were closed, and the heater turned on. There was no evidence that he took any precaution to arouse himself before proceeding, whether by walking around the vehicle, opening windows, or reducing the heat. See *Sater* v. *Owens*, 67 Wash. 2d 699. On the contrary, it appeared that it was the decedent who left the vehicle and walked to the opposite side, to permit the defendant to slide under the wheel without leaving the seat.

Under these circumstances, a finding that " after taking over the wheel " the defendant had " suddenly and unexpectedly dozed at the time of . . . the accident " cannot be sustained. Such an occurrence could not be unexpected in the absence of precaution to prevent it. Thus it was error to judge the defendant's care solely with reference to what occurred after he took the wheel, in disregard of the evidence of " advance warning " which he had just prior thereto. See *Shine* v. *Wujick*, 89 R. I. 22, 27-28. The plaintiff was entitled to have the defendant's care determined upon a basis of all of the evidence, rather than just what occurred after he took the wheel. See *Murray* v. *Boston & Maine R. R.*, 107 N. H. 367, 373-374; *Lynch* v. *Sprague*, 95 N. H. 485, 490. The verdict for the defendant must therefore be set aside.

*Exceptions sustained; new trial.*

GRIMES, J., did not sit; the others concurred.