NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11904

COMMONWEALTH  vs.  DAVID A. COGGESHALL.


Plymouth.     December 7, 2015. - February 24, 2016.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk,
& Hines, JJ.



Reckless Endangerment of a Child.  Probable Cause.  Practice,
Criminal, Complaint, State of mind.  Evidence, State of
mind.



Complaint received and sworn to in the Plymouth Division of
the District Court Department on August 20, 2013.

A motion to dismiss was heard by Kathryn E. Hand, J.

The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


Vanessa L. Madge, Assistant District Attorney, for the
Commonwealth.
Tara B. Ganguly for the defendant.
Chauncey B. Wood, J. Anthony Downs, Todd Marabella, & Kara
Harrington, for Massachusetts Association of Criminal Defense
Lawyers, amicus curiae, submitted a brief.


SPINA, J.  In this case we are asked to decide whether the

words "wantonly or recklessly" in G. L. c. 265, § 13L, the

statute proscribing reckless endangerment of a child, require proof of a defendant's subjective state of mind.[1]  On August 20, 2013, a two-count complaint issued against the defendant from the Plymouth Division of the District Court Department, accusing him of walking on railroad tracks, in violation of G. L. c. 160, § 218, and reckless endangerment of a child by walking on railroad tracks with a child, in violation of G. L. c. 265, § 13L.  The defendant filed a pretrial motion to dismiss the count charging him with reckless endangerment.  A judge in the District Court ruled that the Commonwealth was required to establish that the defendant actually was aware of the substantial risk of serious bodily injury to which he exposed his child, and that the evidence offered in support of the application for the criminal complaint failed to demonstrate

---

[1] General Laws c. 265, § 13L, states in relevant part:

> "Whoever wantonly or recklessly engages in conduct that creates a substantial risk of serious bodily injury or sexual abuse to a child or wantonly or recklessly fails to take reasonable steps to alleviate such risk where there is a duty to act shall be punished . . . ."

Section 13L defines "wanton or reckless" conduct as follows:

> "[S]uch wanton or reckless behavior occurs when a person is aware of and consciously disregards a substantial and unjustifiable risk that his acts, or omissions where there is a duty to act, would result in serious bodily injury or sexual abuse to a child.  The risk must be of such nature and degree that disregard of the risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation."

probable cause to believe that the defendant, who was heavily intoxicated at the relevant time, had the mental state required to support the charge. The judge dismissed the count of reckless endangerment.

On appeal the Commonwealth argues that § 13L does not require proof of a defendant's subjective state of mind, but that, even if it did, sufficient evidence was presented in the application for the criminal complaint to establish probable cause to believe that the defendant had the requisite mental state. We transferred the appeal to this court on our own motion, and now hold that the judge correctly stated the law, but that the order of dismissal must be vacated because the evidence presented met the threshold standard of probable cause.[2]

1. Background. A police report was attached to the application for the criminal complaint. We summarize the facts set forth in that report. See Commonwealth v. Bell, 83 Mass. App. Ct. 61, 62 (2013) (motion to dismiss criminal complaint for lack of probable cause decided on four corners of complaint application, without evidentiary hearing).

On August 19, 2013, at about 2:15 P.M., two Halifax police officers were sent to investigate a report of two individuals walking on the Massachusetts Bay Transportation Authority (MBTA)

---

[2] We acknowledge the amicus brief submitted by the Massachusetts Association of Criminal Defense Lawyers in support of the defendant.

train tracks.  They saw the defendant and his eleven year old son walking along the train tracks.  The MBTA was notified, and it slowed the scheduled train to allow the police time to get the defendant and his son off the tracks.

The defendant was holding his son's hand for balance.  The boy was carrying two plastic bags containing personal effects. The boy made several efforts to keep his father from falling, but at one point the defendant fell on his back and landed between the tracks.  The officers noted that the defendant was visibly intoxicated.  A heavy odor of alcohol was detected on his breath.  When asked why they were on the tracks, the defendant said that he always walks on the tracks, and that he was "fucked up."  He also said he had had a few beers.  The officers escorted the defendant and his son off the tracks.  At no time did the defendant display an ability to walk on his own.

2.  <u>Discussion</u>.  The Commonwealth contends that the police report attached to the application for the criminal complaint alleged sufficient facts to support the crime of reckless endangerment of a child.  Before issuing a complaint a judicial officer must find "sufficient evidence to establish the identity of the accused . . . and probable cause to arrest him" for the offense being charged.  <u>Commonwealth</u> v. <u>Lester L.</u>, 445 Mass. 250, 255-256 (2005), quoting <u>Commonwealth</u> v. <u>McCarthy</u>, 385 Mass.

160, 163 (1982). See Mass. R. Crim. P. 3 (g) (2), as appearing in 442 Mass. 1502 (2004).

"Probable cause [to arrest] exists where 'the facts and circumstances . . . [are] sufficient in themselves to warrant a [person] of reasonable caution in the belief that' an offense has been . . . committed." Commonwealth v. Hason, 387 Mass. 169, 174 (1982), quoting Brinegar v. United States, 338 U.S. 160, 175-176 (1949). "Probable cause requires more than mere suspicion," but it is considerably less demanding than proof beyond a reasonable doubt. Hason, supra. When applying this standard we are guided by the "factual and practical considerations of everyday life on which reasonably prudent [people], not legal technicians, act." Id., quoting Brinegar, supra at 175.

The application for the complaint must establish probable cause as to each element of the offense. Commonwealth v. Hanright, 466 Mass. 303, 312 (2013), quoting Commonwealth v. Moran, 453 Mass. 880, 884 (2009). Our review of a judge's determination of probable cause is de novo. Commonwealth v. Long, 454 Mass. 542, 555 (2009).

The elements of § 13L are (1) a child under age eighteen, (2) a substantial risk of serious bodily injury or sexual abuse, and (3) the defendant wantonly or recklessly (i) engaged in conduct that created the substantial risk, or (ii) failed to

take reasonable steps to alleviate that risk where a duty to act exists.  Commonwealth v. Rodriquez, 462 Mass. 415, 422 (2012). There is no dispute that the defendant was adequately identified, or that his son was under age eighteen at the time. The disputed issues are the sufficiency of the evidence of a substantial risk of serious bodily injury, and the sufficiency of the evidence that the defendant wantonly or recklessly engaged in conduct that created such substantial risk.

We first address the question of substantial risk of serious bodily injury.  The defendant contends that the risk of serious bodily injury to the defendant's son was not substantial, or even likely, but only a possibility.  He concedes that he did not make this argument below.  However, he contends that an appellate court "'may consider any ground apparent on the record that supports the result reached in the lower court.' . . .  Therefore, '[a] prevailing party is . . . entitled to argue on appeal that the judge was right for the wrong reason, even relying on a principle of law not argued below'" (citations omitted).  Commonwealth v. Levesque, 436 Mass. 443, 455 (2002).

"[A] statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or

imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated" (citation omitted).  Commonwealth v. Smith, 431 Mass. 417, 421 (2000).  Section 13L does not define the words "substantial" or "risk," or the term "substantial risk." "Substantial" is defined as "real," "not imaginary," "sturdy," or "solid."  See Webster's Third New International Dictionary, 2280 (1961).  "Risk" is defined as "the possibility of loss [or] injury," and "danger, peril [or] threat."  See id. at 1961.  The term "substantial risk" can be understood to mean a "real or strong possibility."  We have said that in the context of § 13L a "substantial risk" means "a good deal more than a possibility."  Commonwealth v. Hendricks, 452 Mass. 97, 103 (2008).  The risk also must be considered in conjunction with a particular degree of harm, namely "serious bodily injury." Section 13L explicates that "[t]he risk must be of such nature and degree that disregard of the risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation."  Disregard of this risk requires a showing that is "substantially more than negligence." Hendricks, supra.

Here, the evidence shows that the defendant was incapable of walking by himself, and that he was relying on his son to help him walk along the tracks.  If he were walking on the

tracks alone, his course of conduct would have been illegal, a matter that the defendant does not dispute. Indeed, he does not challenge the sufficiency of the evidence offered in support of the count in the complaint that alleges a violation of G. L. c. 160, § 218, the statute proscribing walking on railroad tracks. By enlisting the aid of his son to violate this law, he encouraged the boy to violate the same law. It is well known that "[a] railroad track is a place of danger, and one, unnecessarily and voluntarily going upon it or so near to it as to be in a position of peril, must take active measures of precaution." Joyce v. New York, New Haven & Hartford R.R. Co., 301 Mass. 361, 365 (1938). This alone constitutes a substantial risk of serious bodily injury, and a gross deviation from the standard of conduct that a reasonable person would observe in the situation. Matters did not improve. At one point the defendant fell between the tracks. Not only did he expose his son to the danger of walking alongside the tracks, but had a train approached while he was lying between the tracks, it is reasonably likely that the boy would have tried valiantly and desperately to remove his father to safety, thereby exacerbating the risk to his own safety and life. We conclude that the evidence supports probable cause to believe that the defendant exposed his son to a risk that no reasonable person would have

permitted, namely, a substantial risk of serious personal injury.

The next issue is whether § 13L requires proof of an accused's subjective state of mind.  The Commonwealth argues that the words "wantonly or recklessly" in § 13L take on their common-law meaning and do not require proof that the defendant intended the risk or was even subjectively aware of the risk. The Commonwealth relies on Levesque, 436 Mass. at 451-452, where this court said that "wanton or reckless" conduct, at least with respect to the common-law crime of manslaughter, is "intentional conduct . . . involv[ing] a high degree of likelihood that substantial harm will result to another," and "the risk [of injury contemplated by the statute] must be known or reasonably apparent, and the harm must be a probable consequence of the defendant's election to run that risk or of his failure reasonably to recognize it. . . .  Under Massachusetts law, recklessness has an objective component as well as a subjective component.  A defendant can be convicted . . . even if he was 'so stupid [or] so heedless . . . that in fact he did not realize the grave danger . . . if an ordinary normal man under the same circumstances would have realized the gravity of the danger" (emphases added; citations omitted).  At common law a defendant need not be aware of the risk of injury, but the Commonwealth could show either that he was aware of the risk of

injury, or that he reasonably ought to have been aware of the risk. That is, the Commonwealth could satisfy its proof by showing that an objectively reasonable person would have been aware of the risk. The Commonwealth also relies on Commonwealth v. Figueroa, 83 Mass. App. Ct. 251, 259 (2013), where the Appeals Court applied the common-law meaning of "wanton or reckless" in construing § 13L.

Section 13L differs from the common-law meaning of "wanton or reckless." Section 13L is a crime created by the Legislature, and although the Legislature used the words "wanton or reckless," it expressly limited such conduct to circumstances where an accused "is aware of and consciously disregards" the risk. G. L. c. 265, § 13L. In these circumstances we ascertain a clearly expressed legislative intent to depart from the common-law meaning of the words "wanton or reckless." See Commonwealth v. Burke, 392 Mass. 688, 690 (1984), quoting Commonwealth v. Knapp, 9 Pick. 495, 514 (1830). The judge below correctly recognized that § 13L requires proof of the defendant's subjective state of mind with respect to the risk involved. That is, he must be shown to have been actually aware of the risk. Unlike the common-law meaning of "wanton or reckless," the Commonwealth does not have the option of proving a defendant's objective or subjective state of mind.

The Commonwealth next argues that the evidence was sufficient to establish probable cause to believe that the defendant actually was aware of the risk. It contends that the defendant's statement that he "always walked on the tracks" is evidence that he knew where he was, that he knew he was with his son because they were holding hands, and that he knew the youth was under age eighteen because the youth was his son. Moreover, the defendant's statement that he was "fucked up" and had consumed a few beers is evidence that he was aware of his own condition and the cause of that condition. From this evidence, as well as the defendant's stated familiarity with railroad tracks and the common knowledge that railroad tracks are dangerous places to be walking, the Commonwealth contends that this evidence establishes probable cause that the defendant "wantonly or recklessly" engaged in conduct that created a substantial risk of serious bodily injury to his eleven year old son within the meaning of § 13L. Specifically, the Commonwealth contends that there is probable cause to believe that the defendant was "aware of and consciously disregard[ed] a substantial and unjustifiable risk that his acts . . . would result in serious bodily injury . . . to a child." G. L. c. 265, § 13L. We agree. The probable cause requirement, which is not particularly burdensome, was satisfied in this case. We express no view as to the strength of the evidence at trial.

The order dismissing count two of the complaint is vacated, and the case is remanded for trial.

<u>So ordered</u>.