NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1097

COMMONWEALTH

vs.

DEENHA J. ROMA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial in the District Court, the defendant, Deenha J. Roma, was convicted of larceny over $1,200.[1] On appeal, she contends that reversal is required because her motion to dismiss for lack of probable cause and her motion for a required finding of not guilty should have been allowed. We affirm.

---

[1] The defendant was charged under G. L. c. 266, § 30 (1), the relevant portion of which provides: "Whoever steals, or with intent to defraud obtains by a false pretense, or whoever unlawfully, and with intent to steal or embezzle, converts, or secretes with intent to convert, the property of another . . . shall be guilty of larceny, and shall, if the property stolen is a firearm . . . or, if the value of the property stolen exceeds $1,200, be punished . . . ." By its terms, the statute renders the misdemeanor crime of larceny a felony when the item stolen is a firearm or when the value of the stolen property exceeds $1,200. Here, it appears that the Commonwealth proceeded on the "firearm" portion of the statute rather than the "exceeds $1,200" portion. The defendant does not argue to the contrary on appeal.

Background.  We recite the facts delineated in the application for complaint, including the police reports and documentation filed in support thereof, in the light most favorable to the Commonwealth.[2]  Commonwealth v. Costa, 97 Mass. App. Ct. 447, 449 (2020).  The victim, Anthony Roma, owned and resided at 47 Fremont Street in Taunton.  His sister, Deenha Roma, the defendant in this case, had also resided at that residence, but was evicted from the premises by an order of the Housing Court.  The defendant, by virtue of the Housing Court order, was obligated to remove all her belongings from the residence and was not permitted to return.  On December 31, 2018, the defendant entered the residence and removed several items.

The victim returned to his home on January 1, 2019, and noticed that his house was in disarray and several of his belongings were missing.  He further saw that the doorknob and dead bolt lock to a basement closet door had been removed. Within that closet, the victim kept his deceased father's firearms including rifles, shotguns, and a "sawn-off shotgun." He kept those items wrapped in a white cloth.  The victim contacted the Taunton Police Department and reported the alleged theft.  Officer Jeremy Derosier spoke to the victim and then

---

[2] At trial the Commonwealth presented additional facts, some of which are referenced in the discussion section infra.

contacted the defendant.  The defendant claimed that she only removed items that belonged to her.  Officer Derosier asked her if she had removed a heavy item wrapped in a white sheet or blanket.  The defendant replied that she "did not."  The defendant "also noted that [the victim's] belongings were and always have been under constant lock and key," and she "does not have access to [his] belongings due to this."

On January 2, 2019, following further investigation, Officer Derosier went to the defendant's residence and advised that he was looking for the large white package that contained the guns.  The defendant responded that she "did not know what package [he] was referring to" but allowed him to look through the apartment.  Officer Derosier did so but was unable to locate the items.  The next day, January 3, 2019, Taunton Police Detective Oliveira reported that he had received word from the defendant that she had found the guns within her property. Detective Oliveira retrieved the guns.

The victim filed an application for criminal complaint against the defendant and, following a clerk-magistrate hearing, a complaint issued charging the defendant with felony larceny pursuant to G. L. c. 266, § 30(1).  The defendant filed a motion to dismiss the complaint for lack of probable cause.  Following a hearing a District Court judge (motion judge) denied the

3

motion as to the larceny count.[3]  After a subsequent jury-waived

trial[4] a judge (trial judge) found the defendant guilty of

larceny over $1,200.[5]

Discussion.  1.  Motion to dismiss.  The defendant contends

that there was no evidence presented to the clerk-magistrate to

support a reasonable inference that she intended to steal the

guns, or to permanently deprive the victim of them, and thus the

motion judge erred in denying her motion to dismiss.  The claim

is unavailing.

Where a clerk-magistrate has issued a criminal complaint, a

motion to dismiss "is the appropriate and only way to challenge

---

[3] The defendant was also charged, on a separate docket, with
malicious destruction of property.  The motion judge dismissed
that charge for lack of probable cause.

[4] The trial transcript reflects that the facts adduced at trial
not only mirrored the facts stated in the police report, but
provided added support for the defendant's conviction.

[5] Under the larceny statute, G. L. c. 266, § 30(1), the
Commonwealth must prove that a defendant took the personal
property of another without the right to do so, with the
specific intent to deprive the other of the property
permanently.  See, e.g., Commonwealth v. Liebenow, 470 Mass.
151, 156 (2104).  The statute further increases the penalty for
larceny to a felony where "the value of the property stolen
exceeds $1,200" or where the property stolen is a firearm.  In
the present case, although not entirely clear, it appears that
the probable cause determination and conviction were predicated
on the property being a firearm.  In any event, there is no
claim on appeal that the items did not constitute "firearms"
within the meaning of G. L. c. 266, § 30(1).  Moreover, the
defendant does not challenge the aggravating element of the
felony larceny complaint or conviction; rather, the claim on
appeal is that the Commonwealth failed to prove the elements of
intent to steal and intent to deprive permanently.

4

a finding of probable cause." Commonwealth v. DiBennadetto, 436 Mass. 310, 313 (2002). Ordinarily, "[a] motion to dismiss for lack of probable cause 'is decided from the four corners of the complaint application, without evidentiary hearing.'" Commonwealth v. Leonard, 90 Mass. App. Ct. 187, 190 (2016), quoting Commonwealth v. Humberto H., 466 Mass. 562, 565 (2013). But see G. L. c. 218, § 35A (granting clerk-magistrate discretion to give "person against whom [a] complaint is made . . . in the case of a complaint for a felony which is not received from a law enforcement officer," an "opportunity to be heard personally or by counsel in opposition to the issuance of any process").[6] "The complaint application must include information to support probable cause as to each essential element of the offense." Humberto H., supra at 565-566. Our review of a judge's probable cause determination is a question of law, which we review de novo. Id. at 566. We view the information set forth in the complaint application "in the light most favorable to the Commonwealth." Leonard, supra.

---

[6] It appears that the clerk magistrate who issued the criminal complaint may have held a hearing and heard witness testimony. See G. L. c. 218, § 35A. However, in their appellate briefs neither party references any evidence adduced at the clerk-magistrate hearing. Moreover, at the hearing on the motion to dismiss, the prosecutor advised the motion judge that he "would rest on the police report." Accordingly, we confine our analysis in the present case to the information contained in the application for complaint and attached police report submitted to the clerk-magistrate.

5

Probable cause "exists where the facts and circumstances . . . [are] sufficient in themselves to warrant a [person] of reasonable caution in the belief that an offense has been . . . committed" (quotation omitted).  Commonwealth v. Coggeshall, 473 Mass. 665, 667 (2016).  "Probable cause requires more than mere suspicion, but it is considerably less demanding than proof beyond a reasonable doubt" (quotation omitted).  Id.  "When applying this standard we are guided by the factual and practical considerations of everyday life on which reasonably prudent [people], not legal technicians, act" (quotation omitted).  Id.  Indeed, probable cause is a less demanding standard than preponderance of the evidence.  See Commonwealth v. Preston P., 483 Mass. 759, 774 (2020) ("proof by a preponderance of the evidence" is "a higher standard than probable cause").

Here, the defendant was charged with felony larceny.  See note 5, supra.  From the materials presented at the probable cause hearing, the clerk-magistrate could have found that the victim and defendant had a relationship involving recent disagreement and hostility; that the victim was authorized to take "her belongings out of the residence" and was not permitted to return; that she knew that the victim's possessions were kept under lock and key; that the doorknob and dead bolt to the basement closet, where the victim kept his guns, had been

6

removed; that the victim's guns were taken from that basement closet without consent; and that the defendant possessed that large heavy package of guns at her home. These facts, including the removed doorknob and dead bolt and the ongoing hostilities, would warrant a person of reasonable caution to believe that the defendant broke into the closet (or directed someone to do so), took the guns, and did so with the specific intent to deprive the victim permanently of his property.

2. Required finding. The defendant also claims that the evidence at trial was insufficient to prove that she had the requisite intent to steal the guns or had the intent to permanently deprive the defendant of them. We apply the familiar Latimore test to determine "whether, after viewing the evidence in the light most favorable to the [Commonwealth], any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis and citation omitted). Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). "If, from the evidence, conflicting inferences are possible, it is for the [factfinder] to determine where the truth lies, for the weight and credibility of the evidence is wholly within [its] province." Commonwealth v. Lao, 443 Mass. 770, 779 (2005), S.C., 450 Mass. 215 (2007) and 460 Mass. 12 (2011). See Commonwealth v. Nelson, 370 Mass. 192, 203 (1976) (evidence need

7

not require jury to draw inference; sufficient that evidence permits inference to be drawn).

For the reasons discussed supra, the circumstantial evidence at trial was more than sufficient to prove each element of larceny.  In addition to much of the evidence described above, the judge heard added details at trial including but not limited to:  evidence regarding the agreement filed in the Housing Court specifying that "[o]ther than washer-dryer all items shall remain in basement being landlord's personal property;" details of the litany of missing items after the defendant vacated the home; and evidence that the defendant did not have a key to access the guns.  The defendant insists that because Officer Derosier categorized the theft as a "civil matter" in his police report, the present case should be treated as such.  While the present dispute could conceivably have been suitably resolved outside the criminal arena, the defendant cites to no authority that authorizes, much less compels, dismissal for that reason.  The victim applied for a criminal complaint and, following a hearing, a clerk-magistrate found probable cause and issued the criminal complaint as authorized by G. L. c. 218, § 35A.  Where the information presented to the clerk-magistrate supported the determination of probable cause, and where the evidence at trial supported the denial of the

8

motion for a required finding of not guilty, we are compelled to affirm the judgment.[7]

Judgment affirmed.

By the Court (Green, C.J.,
Neyman & Englander, JJ.[8]),

Assistant Clerk

Entered:  March 18, 2024.

---

[7] The defendant also argues that the Commonwealth failed to disprove her claim that she made an honest mistake in taking the guns.  In particular, she highlights the fact that the guns were wrapped and that she ultimately returned them.  While this evidence supported her affirmative defense of honest mistake, see Commonwealth v. Vives, 447 Mass. 537, 540-541 (2006), the finder of fact was not obligated to credit her claim, especially in view of the considerable circumstantial evidence described above.

[8] The panelists are listed in order of seniority.