NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-374

COMMONWEALTH

vs.

LIZAIDA M. REYES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial, a judge of the Lawrence District Court found the defendant guilty of reckless endangerment of a child in violation of G. L. c. 265, § 13L.[1]  On appeal, the defendant maintains that (1) the Commonwealth presented insufficient evidence to support the conviction, and (2) her waiver of her right to a jury trial was not intelligent and voluntary because the judge did not engage in a colloquy. The Commonwealth concedes the second point, and having conducted an independent examination of the issue, we agree.  See Commonwealth v. Poirier, 458 Mass. 1014, 1015 (2010).  We vacate

_____

[1] The defendant was found not guilty of operating under the influence.

the judgment and set aside the finding of guilty due to the lack of a colloquy but conclude that the evidence was sufficient to support the conviction.

Background.  We summarize the evidence in the light most favorable to the Commonwealth, see Commonwealth v. Robinson, 482 Mass. 741, 744 (2019), S.C., 493 Mass. 718 (2024), reserving certain details for later discussion.  At approximately 4 A.M. on May 24, 2021, officers of the Lawrence Police Department were dispatched to the intersection of Broadway and Water Streets. On arrival, the officers noticed a gray Honda Civic stopped within its lane on Water Street with the engine running.  The officers turned on their cruiser lights and approached the vehicle, where they saw the defendant "passed out" in the driver's seat with her head lolled to the side and her foot on the brake.  There were two toddlers in the backseat who were secured properly in car seats.

The officers attempted to wake the defendant by knocking "loud[ly]" on her windows and "screaming" at her.  Despite this noise, and despite the flashing police lights, the defendant did not rouse for several minutes.  When the defendant began to awake, she took her foot off the brake, causing her car to roll five to ten feet toward the busy intersection.  The officers continued knocking and the defendant put her foot back on the brake.  Through the partly open window, an officer reached into

2

the car and unlocked the door, and the other officer put the transmission into park.  The defendant was asked to get out of the vehicle; when she did, officers noticed that she was "extremely disheveled," smelled faintly of alcohol, and had her sandals on "backwards" or "on the wrong feet."  When asked twice why she was asleep at the wheel, the defendant answered that "she wasn't sleeping at all."  The defendant was transported to the hospital at her request.

Discussion.  1.  Jury waiver.  The defendant maintains that her conviction must be vacated because the judge did not engage in a colloquy before the defendant waived her right to a jury trial.  The Commonwealth concedes that the conviction cannot stand because without a colloquy the waiver was not intelligent or voluntary.  See Ciummei v. Commonwealth, 378 Mass. 504, 507 (1979) ("a conviction cannot stand which follows upon a jury waiver that is not freely and knowingly given").  We agree.

2.  Sufficiency of the evidence.  We address the defendant's sufficiency claim because "[i]f the evidence at trial was legally insufficient to sustain a verdict, a new trial would violate the prohibition against double jeopardy and would therefore be impermissible."  Commonwealth v. Bacigalupo, 455 Mass. 485, 489 (2009).  In reviewing such a claim, we consider "the evidence presented at trial, together with reasonable inferences therefrom, in the light most favorable to the

3

Commonwealth to determine whether any rational [fact finder] could have found each element of the offense beyond a reasonable doubt." Robinson, 482 Mass. at 744. The inferences that support a conviction "need only be reasonable and possible, not necessary or inescapable" (quotation omitted). Id., quoting Commonwealth v. Martin, 467 Mass. 291, 312 (2014).

The elements of reckless endangerment of a child under G. L. c. 265, § 13L, are: "(1) a child under age eighteen, (2) a substantial risk of serious bodily injury . . ., and (3) the defendant wantonly or recklessly (i) engaged in conduct that created the substantial risk, or (ii) failed to take reasonable steps to alleviate that risk where a duty to act exists." Commonwealth v. Hardy, 482 Mass. 416, 421 (2019), quoting Commonwealth v. Coggeshall, 473 Mass. 665, 667-668 (2016). The risk of injury must be "a good deal more than a possibility, and its disregard substantially more than negligence." Commonwealth v. Santos, 94 Mass. App. Ct. 558, 560-561 (2018), quoting Commonwealth v. Hendricks, 452 Mass. 97, 103 (2008). The Commonwealth is required to prove that the defendant was

> "aware of and consciously disregarded a substantial and
> unjustifiable risk that [her] acts would result in serious
> bodily injury to [the children], and that [her] disregard
> of that risk was a gross deviation from the standard of
> conduct that a reasonable person would observe in the
> situation."

4

Hendricks, supra at 104.  Further, the Commonwealth must prove the defendant's "subjective state of mind with respect to the risk involved.  That is, [she] must be shown to have been actually aware of the risk."  Coggeshall, supra at 670.

Here, there is no dispute that the children were toddlers; the defendant challenges the sufficiency of the Commonwealth's evidence on the second and third elements of reckless endangerment.  Specifically, she contends that the evidence was insufficient to prove that she was more than negligent (even grossly negligent) in getting behind the wheel with her toddlers properly restrained in the back seat.  We disagree.  Although the evidence at trial was not overwhelming, when viewed in the light most favorable to the Commonwealth, it was sufficient to support the guilty finding.

The defendant's subjective knowledge that she was too drowsy to drive safely could reasonably be inferred from evidence that she had taken Advil or Tylenol before getting behind the wheel, medications that, she told medical staff, "make[] her drowsy" and which she identified as the "reason for [her] being drowsy and falling asleep behind the wheel."  Given the defendant's acknowledgment that this was her typical reaction to Advil and Tylenol, it was reasonable for the judge to infer that the defendant knew that taking this medication before driving put her at risk of falling asleep behind the

5

wheel. Further, officers testified at trial that the defendant smelled "faint[ly]" of alcohol when they approached her, and her medical records reflected that she "was slightly slurring her words, [her] eyes were slightly bloodshot and [medical staff] continued to smell alcohol on her breath." It was thus reasonable for the judge to infer that, before driving, the defendant also consumed alcohol, a known depressant.[2] The judge could also consider evidence that the defendant was driving home from a friend's house at four o'clock in the morning, a time when people are typically asleep. See Commonwealth v. Gerhardt, 477 Mass. 775, 787 (2017) (fact finder "may use their common sense in evaluating whether the Commonwealth introduced sufficient evidence to satisfy its burden of proof"). Additionally, the severity of the defendant's drowsiness, including that she was so incapacitated behind the wheel that she did not wake up to for several minutes while officers were knocking on her window and yelling, that she got out of the car with her sandals on "backwards" or "on the wrong feet," and that

---

[2] Although the defendant denied drinking alcohol, her medical records stated that she was "clinically sober," and she was found not guilty of operating under the influence, the judge was not prohibited from considering circumstantial evidence that the defendant consumed alcohol. See Commonwealth v. Ross, 92 Mass. App. Ct. 377, 380 (2017) ("The fact that the jury ultimately did not convict the defendant of OUI does not preclude their consideration of the evidence of intoxication in considering the negligent operation charge").

6

she fell asleep at the wheel while the car was still at least twenty feet away from the intersection, supports an inference that the defendant was subjectively aware of the severity of her drowsiness.  Based on the evidence and reasonable inferences therefrom, it was permissible for the judge to infer that the defendant consciously disregarded a substantial and unjustifiable risk by getting behind the wheel with her two toddlers in the car.  Where "the danger of driving while heavy with drowsiness" is "extreme" and "self-evident," Carvalho v. Oliveria, 305 Mass. 304, 305 (1940), the judge was permitted to find that the defendant's conscious disregard of this risk amounted to something substantially more than negligence.  See Santos, 94 Mass. App. Ct. at 560-561.

Judgment vacated.

Finding set aside.

By the Court (Green, C.J.[3], Desmond & Hershfang, JJ.[4]),

Clerk

Entered:  September 3, 2024.

---

[3] Chief Justice Green participated in the deliberation on this case prior to his retirement.

[4] The panelists are listed in order of seniority.

7