NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-343

COMMONWEALTH

vs.

JEFFERY P. DONNELLY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant was convicted of failing to surrender a revoked or suspended license to carry a firearm or firearms in violation of G. L. c. 269, § 10 (i).  The defendant raises numerous issues on appeal, none of which warrant reversal of his conviction.  We address each issue in turn.

1.  Denial of motion to dismiss the complaint.  On May 10, 2021, a clerk magistrate of the Springfield District Court issued a criminal complaint charging the defendant with a violation of G. L. c. 269, § 10 (i).[1]  Following his arraignment,

_____

[1] The Commonwealth maintains that the defendant's failure to include a copy of the criminal complaint in the record appendix precludes us from reviewing his argument.  While the

the defendant moved to dismiss the complaint, asserting, among other things, that the complaint application failed to set forth probable cause to believe that he had committed the charged offense.[2]  After a nonevidentiary hearing, the motion was denied in a margin endorsement.  The defendant argues that the judge erred in denying his motion to dismiss the complaint.

A motion to dismiss a complaint for lack of probable cause is decided from the information within the "four corners" of the complaint application.  Commonwealth v. Humberto H., 466 Mass. 562, 565 (2013).  The complaint application, like a grand jury presentment, must contain sufficient evidence to establish the identity of the accused and provide probable cause as to each element of the crime charged.  Commonwealth v. Leonard, 90 Mass. App. Ct. 187, 190 (2016).  Probable cause "exists where the facts and circumstances . . . [are] sufficient in themselves to warrant a [person] of reasonable caution in the belief that an offense has been . . . committed" (quotations and citation omitted).  Commonwealth v. Coggeshall, 473 Mass. 665, 667

Commonwealth is correct that the defendant has the burden to provide us with an adequate record to address his claims, we conclude that the issue is properly before us.

[2] We have not overlooked the additional arguments advanced by the defendant in support of his motion to dismiss.  However, because they are not relevant to the validity of the criminal complaint, we do not address them.

(2016).  "We view the allegations set forth in support of probable cause in the light most favorable to the Commonwealth." Leonard, supra.

The police report submitted in support of the complaint application set forth the following facts.  On April 12, 2021, Springfield police Deputy Chief Kent revoked the defendant's license to carry firearms based on an unrelated criminal case. The report listed twenty-six firearms that the defendant had not turned over to the police.  On May 7, 2021, Detective Shink of the Springfield police department contacted the defendant by calling his cell phone.  During that conversation, the defendant stated that "he would not surrender his firearms and [license to carry] to the police."  The defendant further stated that "he was going to transfer his firearms to Vermont so that [the Springfield police] could not obtain them."  About twenty minutes after that conversation concluded, Springfield police Sergeant Podgurski called the defendant.  During the ensuing conversation, the defendant stated that "he felt that he was not required to surrender his firearms and they were already in Vermont."  The last sentence in the police report states:  "[The defendant]'s story on the [whereabouts] of his firearms and other related topics kept changing and again [he] refused to comply with the order."

A violation of the statute at issue here required the clerk magistrate to find probable cause that the defendant knowingly failed to surrender his license to carry a firearm or firearms after his license was suspended or revoked. See G. L. c. 269, § 10 (i). The facts described above, particularly the defendant's statement that he would not surrender his license or firearms to the police and his conflicting statements regarding the location of the firearms, were sufficient to establish probable cause to believe that the defendant had violated the statute. Accordingly, the judge did not err in denying the motion to dismiss.

2. Violation of the defendant's right to confront witnesses against him. Detective Shink authored the report submitted in support of the complaint application and, as previously noted, spoke with the defendant about surrendering both his license to carry a firearm and his firearms. However, Detective Shink did not testify at trial. When the parties appeared in court for trial on April 28, 2022, the defendant learned that Detective Shink was on long-term leave from service due to an injury and, therefore, was not available. The defendant objected and informed the court that he had intended to "grill" the detective and his absence placed the defendant at a disadvantage. Ultimately, at the defendant's request, the

4

trial was continued to permit the defendant to file a motion to dismiss based on the detective's unavailability.  That motion was filed and subsequently denied after a hearing held on May 6, 2022.

The defendant argues that his motion to dismiss should have been allowed because the failure to produce Detective Shink violated his Sixth Amendment right to confront witnesses against him.  Apart from the fact that the defendant never subpoenaed Detective Shink, as he was free to do, there was no constitutional violation where, as here, none of the detective's out-of-court statements were admitted in evidence.  See Commonwealth v. Caruso, 476 Mass. 275, 294 (2017).[3]

3.  Sufficiency of the evidence.  The defendant's claim that the evidence was insufficient to support his conviction beyond a reasonable doubt also fails.  Viewing the evidence in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), the jury could have reasonably found that the defendant knew he was required to surrender his license and firearms to the Springfield police department.  Deputy Chief Kent testified that he signed a

---

[3] Furthermore, even if a constitutional violation had occurred, the appropriate remedy would be to grant a new trial and not to dismiss the complaint.  In any event, the defendant is not entitled to any relief as there was no error.

"suspension notice" regarding the defendant's license to carry a firearm on April 12, 2021.[4] Sergeant Podgurski testified that he spoke with the defendant on the telephone on May 7, 2021, and informed him that he had to surrender his license and firearms and, if he did not comply, a warrant would be issued. According to the Sergeant, the defendant replied that he would not surrender his license or firearms and claimed that he was not required to do so. The Sergeant also related that the defendant provided conflicting information about the location of the firearms, and he testified that when he pressed the defendant for an answer, the defendant said the firearms had been transferred to Vermont but would not provide an address or otherwise specify their whereabouts. Ultimately, the defendant surrendered his license after he was ordered by the court to do so, and the firearms were retrieved by Springfield police officers in Vermont.

The defendant argues that the evidence is insufficient because 1) he was not notified in writing of the fact that his

---

[4] Although not relevant to the question whether the Commonwealth had met its burden of proof, we note that the defendant raised the question whether Deputy Chief Kent had the authority to suspend the license to carry on May 7, 2021, the day he was notified of the suspension, if, as the defendant contended, that license had expired on April 24, 2021. Deputy Chief Kent responded that he believed he had such authority and explained that there is a grace period following the expiration date during which the license remains valid.

license had been suspended or revoked, 2) at the time his license was revoked it had already expired, and 3) he had transferred his firearms to Vermont and therefore, in his view, any refusal to surrender them to the police in Massachusetts did not constitute a criminal offense. The problem with the defendant's argument is that none of the points he raises diminish the sufficiency of the Commonwealth's evidence. Rather, they provide a rationale or excuse for the defendant's conduct. The testimony of the two officers, Deputy Chief Kent and Sergeant Podgurski, established that the defendant knew his license had been suspended and, was informed that he was required to surrender the license and the firearms in his possession, and that he refused to comply. Nothing more was required for the Commonwealth to meet its burden of proving the offense beyond a reasonable doubt.

4. _Jury instructions_. The defendant next contends that the judge improperly instructed the jury with respect to the elements of the crime. Because the defendant raised a timely objection to the instruction, we review his claim for prejudicial error. Commonwealth v. Allen, 474 Mass. 162, 168 (2016). We discern none. The judge largely instructed the jury in accordance with the Criminal Model Jury Instructions for use in the District Court. See Commonwealth v. Odgren, 483 Mass.

7

41, 54 (2019) (not error for judge to give instruction in accordance with operable model jury instructions).  The judge instructed the jury as follows:

"To prove the defendant guilty of this offense the Commonwealth must prove two things beyond a reasonable doubt:  First, that the defendant knew that his license to carry, FI -- license to carry/firearm ID card had been revoked or suspended; and [t]hat the defendant failed to surrender without delay to the police department where he lives his license to carry a firearm or firearm identification card or firearms, rifles, shotguns or machine guns.  The Commonwealth is required to prove beyond a reasonable doubt that the defendant knew that his license to carry, firearm identification ID card was suspended or revoked either by having received a copy of the suspension revocation notice or by having learned of it in some other way."

The judge then continued:

"The defendant is charged with failing to surrender his license to carry a firearm or his firearm identification card or his firearms, rifles, shotguns or machine guns after having his license to carry a firearm or firearm identification card suspended or revoked.  To prove the defendant guilty of this offense the Commonwealth must prove two things beyond a reasonable doubt:  First, that the defendant knew his license to carry a firearm ID card had been revoked or suspended; and [s]econd, that the defendant failed to surrender without delay to the police department where he lives his license to carry a firearm or firearm identification card or firearms, rifles, shotguns or machine guns.  The Commonwealth is required to prove beyond a reasonable doubt that the defendant knew his license to carry firearm ID card was suspended or revoked either by having received a copy of the suspension revocation notice or by having learned of it in some other way.  You should consider all of the evidence and any reasonable inferences you choose to draw from that evidence to determine the extent of the defendant's knowledge at the time when it is alleged his license to carry a firearm FID card was suspended or revoked."

8

The thrust of the defendant's challenge to the jury instructions is that the jury was not informed of his theory of the case, which was that he could not be found guilty unless he received a written notice of suspension or revocation of his license, and that he did not commit an offense in Massachusetts because he brought his firearms to Vermont. However, the judge was not required to frame the instruction in a manner that reflects the defendant's interpretation of the statute or his theory of the defense. See Commonwealth v. Doughty, 491 Mass. 788, 801 (2023). The instructions, as given, accurately defined the elements of the offense and properly conveyed the applicable legal standards. Accordingly, there was no error.

5. Second Amendment violation. The defendant's final argument is that the statute violates his right to bear arms under the Second Amendment to the United States Constitution. Relying on New York State Rifle & Pistol Association. v. Bruen, 591 U.S. 1, 140 S. Ct. 1891 (2020), the defendant claims that the statute unlawfully interferes with his ability to possess and carry firearms. We are not persuaded by the defendant's assertion that the Supreme Court's decision in Bruen has resulted in a wholesale invalidation of the licensing scheme in Massachusetts and, more particularly, we are not persuaded that the statute in question is unconstitutional. Accordingly, we

reject the claim that the decision in <u>Bruen</u> requires us to vacate the defendant's conviction.

<u>Judgment affirmed</u>.

By the Court (Vuono,
Massing & Toone, JJ.[5]),

<i>Paul Little</i>

Clerk

Entered:   September 13, 2024.

---

[5] The panelists are listed in order of seniority.